*Response To Order To Show Cause*

*1*

JF 655

**ORIGINAL**

**FILED**

1    **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2    Name _Bloodsaw_    _Theopric_    _K._

3      (Last)      (First)      (Initial)

AUG 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4    Prisoner Number _N/A_

5    Institutional Address _PBSP, B8-113, P.O. Box 7500,_

6    _Crescent City, CA. 95532_

**JF**

7         **UNITED STATES DISTRICT COURT**
          **NORTHERN DISTRICT OF CALIFORNIA**

8    _Bloodsaw Theopric_

9    (Enter the full name of plaintiff in this action.) _et al._

**CV 08 3772**

10      vs.      Case No. _____
            (To be provided by the Clerk of Court)

11    _Sullenger L._

12    _De Meo P._    **COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
                 **Title 42 U.S.C § 1983**

13    _O'Donnell D.J._

**(PR)**

14

15    (Enter the full name of the defendant(s) in this action)    **E-filing**

16    *[All questions on this complaint form must be answered in order for your action to proceed..]*

17    I.      Exhaustion of Administrative Remedies.

18         [**Note:** You must exhaust your administrative remedies before your claim can go

19         forward. The court will dismiss any unexhausted claims.]

20         A.     Place of present confinement _PBSP_

21         B.     Is there a grievance procedure in this institution?

22             YES (✓)    NO ( )

23         C.     Did you present the facts in your complaint for review through the grievance

24            procedure?

25             YES (✓)    NO ( )

26         D.     If your answer is YES, list the appeal number and the date and result of the

27            appeal at each level of review. If you did not pursue a certain level of appeal,

28            explain why.

COMPLAINT         - 1 -

2

1   1. Informal appeal *Wilber C.E., A.C. is in violation*
2   *of my first amendment right all three*
3   *of my appeals were denied maliciously.*
4   2. First formal level *All three of my appeals went*
5   *to Director's Level Review and malic* –
6   *iously denied. Supreme Court Reports*
7   3. Second formal level *88 L.AW. ED. Oct. 1943 TERM U.*
8   *S. 320 (pp. 219 to end) U.S. 321 - 322 III Partic* –
9   *ular circumstance under which exhausti* –
10  4. Third formal level *on of state remedies is or is*
11  *not necessary.*
12  _____ *CV-00752-JF-550*

13  E.   Is the last level to which you appealed the highest level of appeal available to
14       you?
15           YES (✓)    NO ( )
16  F.   If you did not present your claim for review through the grievance procedure,
17  explain why. _____
18  _____
19  _____

20  II.  Parties.
21  A.   Write your name and your present address. Do the same for additional plaintiffs,
22       if any.
23  *Bloodsaw Theopric, PBSP, P.O. Box 7500,*
24  *Crescent City, CA. 95532*
25  _____

26  B.   Write the full name of each defendant, his or her official position, and his or her
27       place of employment.
28  *Sullenger L., Correctional Officer, PBSP.*

COMPLAINT                        - 2 -

*3*

1  DeMeo P., Sergeant, PBSP.
2  O'Donnell D.J., Sergeant, PBSP.

3

4

5  III.    Statement of Claim.

6      State here as briefly as possible the facts of your case. Be sure to describe how each

7  defendant is involved and to include dates, when possible. Do not give any legal arguments or

8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10  Sullenger L., 10-25-07 Seditious an private co-
11  nspiracy to deprive const. rights (ADA) single cell
12  housing liberty, due process of law entrapment fo-
13  rced ASU warrantless disciplinary fraud under color
14  of law. DeMeo P., 10-25-07 Seditious an private cons-
15  piracy to deprive const. rights (ADA) single cell hous-
16  ing liberty, due process of law entrapment force-
17  d ASU warrantless disciplinary fraud under color of law.
18  O'Donnell D.J., 10-9-07 Seditious an private conspira-
19  cy to deprive const. rights (ADA) single cell housing li-
20  berty, due process of law entrapment forced ASU w-
21  arrantless disciplinary fraud under color of law. B-
22  reach of duties sedition etal.

23  IV.    Relief.

24      Your complaint cannot go forward unless you request specific relief. State briefly exactly

25  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26  I am asking the court for just compensation for p-
27  unitive, monetary, and liability damages. I am
28  asking the court for a permanent injunction

COMPLAINT                           - 3 -

4.

1  and grant me single cell housing that Im entit-
2  le to legally an medically (ADA)

3

4

5    I declare under penalty of perjury that the foregoing is true and correct.

6

7    Signed this __7__ day of __July__, 20__08__

8

9                    _T. Bloodsaw_

10                    (Plaintiff's signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                    - 4 -

5

**FORM E**

Proof of Service by Mail

[Case Name and Court Number]

I declare that:

I am a resident of _PBSP_ in the county of _Del Norte_,

California. I am over the age of 18 years. My residence address is:

_P.O. Box 7500, Crescent City, CA. 95532_

On _7-7-08_, I served the attached _Civil Rights 42 U.S.C._ on the

_1983_ in said case by placing a true copy thereof enclosed in a sealed

envelope with postage thereon fully paid, in the United States mail at _PBSP_

addressed as follows:

_U.S. District Court for the Norther Dist. of CA.,_
_450 Golden Gate Ave, San Francisco, CA. 94102_

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on _7-7-08_ [date],

at _Crescent City_, California.

_Bloodsaw Theopric_
[Type or Print Name]

_T. Bloodsaw_
[Signature]

set forth in the petition.

WHEREFORE, petition requests that the relief prayed for in the petition be granted.
DATED:

Respectfully submitted,

[Signature]
[Type your name here]

[Attach a Memorandum of Points and Authorities to the Denial and Exception to the Return.
This Memorandum should address the legal arguments made by the Attorney General or District
Attorney. For a model format, please refer to the sample Memorandum of Points and Authorities
included in Form B. Mail a copy of the denial to the court and a copy to the Attorney General or
District Attorney who filed the Return. Attach a proof of service form.]



EXHIBIT

ORIGINAL

A

6

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

*INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



January 9, 2008


BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000




RE: IAB# 0716017        DISCIPLINARY

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.



N. GRANNIS, Chief
Inmate Appeals Branch










****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

November 29, 2007

**BLOODSAW, P20045**
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*Your disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*PLEASE ATTACH "FINAL COPY" OF RVR PROVIDED TO YOU AFTER YOUR HEARING.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

NOV 2 9 2007

*Emergency Appeal*

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP
2. _____

Log No.
1. _____
2. _____

Category
_____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| BloodsAW Theopric | P20045 | | ASU-E1 |

A. Describe Problem: C/O, Sullenger L. I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-XIII-XIV. I am at PBSP under a fraudulent CDC No. P20045 on 11-8-02 I was unlawfully arrested as a parole violator P.C. 5011. a parole warrant is P.C. 3056. Since my arrival at ASU you have shown a great deal of hostility on my behalf and as favors to southern hispanics. When I arrived at ASU their was no st-

If you need more space, attach one additional sheet.

~~Action Requested:~~ anding count, you stopped at my cell door while I was sitting on my bed having muscle spasms an dizziness demanding me to stand up for count I said I needed medical attention you said so what stand up. I refused your order

Inmate/Parolee Signature: T. Bloodsaw                 Date Submitted: 11-28-07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: Bypass - informal review not required

BYPASS

BRANCH
DEC 5 2007
RECEIVED

Staff Signature: _____                 Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

medically Felony complaint not endorsed P.C. 872. Order holding defendant to answer. Standing count started 10-9-07 you are the only C/O that enforces it. CDC 115 is a fraudulent document Log No. E07-10-0013 CCR 3017. Supreme Court Reports 88

Signature: T. Bloodsaw                 Date Submitted: 11-28-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

NOV 29 2007
21

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

BYPASS

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved:    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of
receipt of response.

*C.E. Wilber, Appeals Coordinator it appears to me that you are taking the matter into your own hands for malice reasons. 78 S.Ct.1332, 357 U.S.513 Speiser v. Randall (1958) 9 S.Ct.122, 128 U.S.456 Cornelius v. Kessel (1888) 3084.1. Right to Appeal.*

Signature: *T. Bloodsaw*    Date Submitted: *11-30-07*

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of
response.

*Constitutiona Law. 3000. Definitions. 3013. Unlawful Influence. 3075.1. Intake Processing. 3273. Acceptance and Surrender of Custody. 3377.1. Inmate Custody Designations. 3901.17.1. Authority to Place Parole Hold. 3375. Classification Process. 26 S.Ct. 282, 200 U.S.321 United States v. Detroit Timber & Lumber Co. (1906) 43 Cal.Rptr. 898, 233 Cal.App.2d 799 LeMere v. Goren (1965)*

Signature: _____    Date Submitted: *12-4-07*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)


0716017

#9.

*Emergency Appeal*

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.     Category

1. _____     1. _____     _____
2. _____     2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Bloodsaw Theopric | P20045 | | ASU-EI |

**A. Describe Problem:** you left and sent Sergeant, DeMeo and another C1-O to my cell telling me to cuff up. After I told him I was having muscle spasms an dizziness I was taken to a holding cell for one hour and refused medical attention. Earlier that day C/O, Sullenger blow sometype of hazardous solution with a loud oder in my face hoping I would Fall going into the shower if I fell that means I have to double cell. Im entitle to single cell housing since my arrival 2-24-04 legally an

If you need more space, attach one additional sheet.

**B. Action Requested:** That C/O, Sullenger L. show jurisdiction requirements not by the use of fraudulent documents PBSP has no legal authority for my confinement

CV-00752-JF-Suit 550

Inmate/Parolee Signature: _T. Bloodsaw_     Date Submitted: 11-28-07

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: _Bypass- informal review not required_

Staff Signature: _____     Date Returned to Inmate: _____

RECEIVED
DEC - 5 2007
APPEALS BRANCH

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

LAW.ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321-322 III. Particular circumstance under which exhaustion of state remedies is or is not necessary. 3084.7. Exceptions to the Regular Appeal Process. 72 S. Ct. 205, 342 U.S. 165 Rochin v. California (1952)

Signature: _T. Bloodsaw_     Date Submitted: 11-28-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____  Title: _____  Date Completed: _____

Division Head Approved:    Returned

Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

41 Cal. Rptr. 590, 62 Cal. 2d 176 People v. Gallegos (1964) 481 F. 2d 1028 Johnson v. Glick (1973) 106 S. ct. 1078, 475 U.S. 312 Whitley v. Albers (1986) 96 S. ct. 1848, 425 U.S. 738 Hospital Bldg. Co. v. Trustees of Rex Hospital (1976) 59 S. ct. 954, 307 U.S. 496 Hague v. CIO (1939)

Signature: T. Bloodsaw    Date Submitted: 11-30-07

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____  Date Completed: _____

Warden/Superintendent Signature: _____  Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

196 P. 2d 590, 87 Cal. App. 175 Whitlow v. Superior Court of Cal. in and for Ventura County (1948) 118 Cal. Rptr. 120, 43 Cal. App. 3d 8-09 Chambers v. Municipal Court (1974) 651 F. 2d 1289 Palmer v. Roosevelt Lake Log Owners Ass'n (1981) 80 S. ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960) 92 U.S. 275, 92 U.S. 275 Chy Lung v. Freeman (1875) 83 S. ct. 1790, 374 U.S. 398 Sherbert v. Verner (1963)

Signature: T. Bloodsaw    Date Submitted: 12-4-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

*10*

*I'M COPY E1*

STATE OF CALIFORNIA

## RULES VIOLATION REPORT

**GPL= 3.3**          **CCCMS-NO**          DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 5-28-2020 | PBSP | ASUE-01L | E07-10-0013 |

| VIOLATED RULE NO(S). | SPECIFIC CHARGE | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3017 | COUNT PROCEDURES VIOLATIONS | ASU-1 | 10-25-07 | 1630 |

CIRCUMSTANCES

On October 25, 2007 at 1630 hours, while I was assigned as Administrative Segregation Unit-1 (ASU-1) Floor Officer, I was conducting the 1630 Institutional Standing Count. Prior to starting the count, the control booth officer announced over the public address system, "Count Time, 1630 standing count, all inmates must be standing with their bright light on." While performing the standing count, I arrived in front of cell ASUE-01 occupied by inmate BLOODSAW, P-20045. I observed inmate BLOODSAW sitting on his toilet with his light on. I could see that BLOODSAW was fully clothed and not using the restroom, so I informed BLOODSAW that it was time for standing count. BLOODSAW responded by stating, "*I aint standing.*" I gave BLOODSAW a direct order to stand for count. BLOODSAW refused the order, and stated, "*write your 115, I aint standing.*" BLOODSAW continued to ignore my order and remained sitting on the toilet. According to the California Code of Regulations, Title 15, Section 3274 (1), it states: *At least one daily count shall be a standing count wherein inmates shall stand at their cell door. This procedure is performed to insure the health and safety of the inmates and the security of the institution.* At Pelican Bay State Prison all inmates are aware that the 1630 count has been established as the standing count. I notified Sergeant P. DeMeo that BLOODSAW was refusing to comply with institutional count procedures. Sgt. P. DeMeo returned to BLOODSAW'S cell and ordered him to stand for count. BLOODSAW refused. Sgt. P. DeMeo then ordered BLOODSAW to back up to the door and submit to hand restraints. BLOODSAW complied and with the order and was placed in hand restraints. BLOODSAW was escorted to the ASU-1 rotunda holding cell and was examined by ASU-1 medical staff. It was determined that there was no medical reason why BLOODSAW was unable to stand for count. BLOODSAW became highly agitated and disrespectful to ASU-1 floor staff and medical staff by yelling at them and referring to them as, "punk-ass bitches." After approximately fifteen minutes BLOODSAW was returned to his cell with no further incident. BLOODSAW is aware of this report.

**This inmate is not EOP or crisis Bed.** Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment in not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| C/O L. SULLENGER | | ASU-1 FLOOR #1 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| Sgt. D,J, O;Donnell | 10/30/07 | N/A |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | LOC. | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | F | 10/31/07 | J.F. PEDROLO, LT. | | ☐ HO | ☒ SHO | ☐ SC | ☐ |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) C/O Hurley | DATE 11/4/07 | TIME 1110 | TITLE OF SUPPLEMENT N/A |
|---|---|---|---|---|

| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME | BY: (STAFF'S SIGNATURE) N/A | | DATE | TIME |
|---|---|---|---|---|---|---|---|

HEARING

SEE ATTACHED HEARING DISPOSITION

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE TIME |
| Lt. G.A. Kelley, Senior Hearing Officer | | | 11/11 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| M. FOSS, CAPT | 11/11/07 | M.A. COOK, AWGP | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE 11/20/07 TIME 1200 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                     DEPARTMENT OF CORRECTIONS
## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3017 | 10-25-07 | PBSP | E07-10-0013 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES   ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ | **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | DATE |

DATE NOTICE OF OUTCOME RECEIVED     DISPOSITION

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | **I REVOKE** my request for postponement. | | |

### STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | ▶ (Refused Sign) | |
| ☒ ASSIGNED | DATE 11/5/07   NAME OF STAFF M.Roberts | | |
| ☐ NOT ASSIGNED | REASON GP1 3.3 | | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | ▶ (Refused Sign) | |
| ☐ ASSIGNED | DATE     NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON DNUC per CCR 3315(D)(a) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE: None

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ N/A | DATE |
|---|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ To Hurley | TIME 1110 | DATE 11/5/07 |
|---|---|---|---|

CDC 115-A (7/88)

— If additional space is required use supplemental pages —

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE   1   OF   2

| CDC NUMBER<br>P-20045 | INMATE'S NAME<br>BLOODSAW | LOG NUMBER<br>E07-10-0013 | INSTITUTION<br>PBSP | TODAY'S DATE<br>11/11/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**: On 11/11/07 at approximately 0825 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O M. ROBERTS and C/O P. COLE) to his refusal was completed.

**District Attorney**: This has not been referred for criminal prosecution.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: There is no reason to believe that BLOODSAW is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 10/25/07.

**Finding**: Guilty of the Div. F-3 (CCR 3315 (a)(2)(B) offense COUNT PROCEDURE VIOLATION. While this offense is not explicitly listed under CCR 3315 as a serious offense, it is justified by the fact that such misconduct potentially breaches institutional security as well as causing disruptions of facility operations. This offense requires evidence that the inmate failed or refused to present himself at the designated place and time for the institutional count. This finding is based upon the following preponderance of evidence:

A. The testimony of OFFICER SULLENGER in the disciplinary report of 10/25/07 wherein SULLENGER testifies that BLOODSAW refused to stand for the institutional 1630 hours standing count and stated "I ain't standing. Write me a 115." The unit sergeant responded and BLOODSAW was removed from the cell to ascertain his well being and became disrespectful referring to staff by stating "Punk-ass bitches."
B. BLOODSAW'S refusal to attend the hearing and provide any reasonable explanation for his actions.
C. The SHO notes this RVR should have been classified a more serious violation as a division D offense specifically 'Willfully Obstructing/Delaying a Peace Officer'.

**Disposition**: Assessed 30 day credit forfeiture for this Div. F offense. With this notice, BLOODSAW is informed that his credit restoration period began 10/26/07 and this restoration period is a minimum of three months (if within 60 days of

| SIGNATURE OF WRITER<br>G. A. KELLEY | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>11/11/07 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED:<br>11/20/07 | TIME SIGNED:<br>1300 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE __2__ OF __2__

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER E07-10-0013 | INSTITUTION PBSP | TODAY'S DATE 11/11/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

scheduled release, the minimum is reduced to one month). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. BLOODSAW is referred to CCR §3084.1 for information on appeal procedures.

| SIGNATURE OF WRITER G. A. KELLEY | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 11/11/07 |
|---|---|---|
| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 11/20/07 | TIME SIGNED: 1200 |

5 14

43047

# HEALTH CARE SERVICES REQUEST FORM (PBSP 7362)

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this to be an urgent/emergent health care need, contact the correctional officer on duty |

REQUEST FOR:   MEDICAL ☑   PSYCHIATRY ☐   MENTAL HEALTH ☐   DENTAL ☐   PHARMACY ☐

NAME: *Breda Anthonie*    CDC #: *P10045*    HOUSING: *A-M-F1*

PHARMACY REFILL # _____    *Pharmacy, place labels on back of form*

THE REASON YOU WANT HEALTH CARE. (DESCRIBE YOUR HEALTH PROBLEM AND HOW LONG YOU HAVE HAD THE PROBLEM)

*C. 10-24-07 C/O Sullenger L. demanded me to stand up for count while I was having muscle spasms an dizziness. I refused his order I told him I needed medical attention it was denied he made me sit in a cage   emergency*

PATIENT'S SIGNATURE: *T. Breda An*    DATE: *10-28-07*

| PART II: TO BE COMPLETED BY THE TRIAGE RN/RDA/MTA |
|---|

Date & Time Received: _____    Received by: _____

Reviewed by RN/RDA, Date: ____ Time: ____    Signature: ____ Triage Designation: ____

S:

O:    T:    P:    R:    BP:    WEIGHT:

A:

P:

Signature/Date/Time:

| APPOINTMENT SCHEDULED AS: | EMERGENCY ☐ (immediately) | URGENT ☐ (within 24 hours) | ROUTINE ☑ (within 14 calendar days) |
|---|---|---|---|

REFERRED TO PCP: _____    DATE OF APPOINTMENT: _____

_____    _____    _____
Print/Stamp Name    Signature/Title    Date & Time Completed

## COPAYMENT INFORMATION – TO BE FILLED OUT BY DEPARTMENTAL STAFF

| 1. | ☐ | Visit was for an emergency |
|---|---|---|
| 2. | ☐ | Visit was for diagnosis or treatment of a communicable disease condition (See Title 17, Chapter 4, Subchapter 1, Section 2500 CCR) |
| 3. | ☐ | Visit was for mental health services |
| 4. | ☐ | Visit was a follow-up requested by the clinician. |
| 5. | ☐ | Visit was for State mandated evaluation or treatment (e.g., Annual TB tests) |
| 6. | ☐ | Visit was for reception screening and evaluation only |
| 7. | ☑ | Visit is NOT exempt from co-payment. Send PINK copy to Inmate Trust Office. |

DISTRIBUTION:
ORIGINAL-Unit Health Record        YELLOW - Pharmacy        PINK - Inmate Trust        GOLDENROD – Inmate/Patient
PBSP 7362 (Rev. 7/03)

Name: *Breda An*    CDC#: *P10045* Housing: *A-M-F1* Institution: *PBSP*

ß ·    *15*
**State of California** .

# Memorandum

Date    :   10/09/07

To      :   ASU Inmates

From    :   **Department of Corrections**
            **Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000**

Subject :   **1630 Standing Count**


Effective immediately all Inmates will stand and present themselves with their cell lights on for the daily 1630 Standing Count.  PBSP count procedures indicate that the 1630 hours count will be a mandatory standing count.  Failure to comply will result in disciplinary action.




D. O'DONNELL                                        Date: 10/09/07
Correctional Sergeant
ASU 3rd Watch

16

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



February 5, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0718027        DISCIPLINARY

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

*17*

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

November 30, 2007

***BLOODSAW, P20045***
*ASUE00000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

***You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).***

***YOU HAVE ALREADY SUBMITTED AN APPEAL REGARDING THIS ISSUE ON 11-29-07.***

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

18

Emergency Appeal

E07-10.0015

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region: PBSP

Log No.

Category 1/2

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Bloodsaw Theopric   NUMBER: P20045   ASSIGNMENT:   UNIT/ROOM NUMBER: ASU-E1

A. Describe Problem: DeMeo P., Sergeant I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I - IV - V - VIII - XIII - XIV. On 11-8-02 I was unlawfully arrested as a parole violator P.C. 5011. a parole warrant is P.C. 3056. CDC has lawful authority for my confinement at PBSP. CDC No. P20045 is a Fraudulent CDC No. their is not a felony complaint endorsed against me P.C. 872. Order holding defendant to answer

If you need more space, attach one additional sheet.

case No. YA053506. On your fraudulent CDC 115 you made false statements but you never denied being a raciest. I was suffering from muscle spasms and dizziness sitting on my bed when C/O, Sullenger came by for count I refused

Inmate/Parolee Signature: T. Bloodsaw   Date Submitted: 11-29-07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: Bypass - informal review not required

Staff Signature: _____   Date Returned to Inmate: _____

DEC 10 2007 BRANCH RECEIVED

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

ory remarks their was no standing count until 10-9-07 you repeated words that I've heard the southern hispanics say. I'm medically an legally entitle to single cell housing since my arrival 2-24-04. 3000. Definitions. 3084.7. Exceptions to the Regular Appeals.

Signature: T. Bloodsaw   Date Submitted: 11-29-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim   CDC Appeal Number:

NOV 3 0 2007
16

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved: _____    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*C.E. Wilber, Appeals Coordinator is abridging my First am-*
*endment right to petition for a redress of grievances. 96 S.Ct.*
*1848, 425 U.S. 738 Hospital v. Trustees of Rex Hospital (1976)*
*43 Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965)*

Signature: *T. Bloodsaw*    Date Submitted: *12-4-07*

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Constitutional Law. 3075.1. Intake Processing. 3273. Acceptan-*
*ce and Surrender of Custody. 3377.1. Inmate Custody Designatio-*
*ns. 3901.17.2. Criteria for Placement of Parole Hold. 68 S.Ct. 1049,*
*334 U.S. 266 Price v. Johnston (1948) 41 Cal. Rptr. 590, 62 Cal. 2d 17-*
*6 People v. Gallegos (1964) 80 S.Ct. 412, 361 U.S. 516 Bates v. City*
*of Little Rock (1960) 59 S.Ct. 954, 307 U.S. 496 Hague v. CIO (1939)*

Signature: *T. Bloodsaw*    Date Submitted: *12-5-07*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)



0718027

*19*

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | _____ | 1. _____ | _____ |
| 2. | _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BloodsAW Theopric | P20045 | | ASU-E1 |

A. Describe Problem: his order I said I need medical attention I was not sitting on the toilet as he said. I was still suffering when you came to my cell ordering me to cuff up and put me in a cage for one hour without medical attention a psychiatric technician has nothing to do with it if that statement was true. I am disable and I have permanent disabilities I have X-RAY reports to prove that. You made false statements that you were explaining to me CDCR policy you showed hostility and made derogat-

If you need more space, attach one additional sheet.

B. Action Requested: That Sergeant, DeMeo show legal jurisdiction requirements according U.S. Constitution Amendments your CDC 115 is a fraudulent document Log No. E07-10-0015 CCR 3004(b)
CV-00752-JF-suit 550

Inmate/Parolee Signature: T. Bloodsaw                    Date Submitted: 11-29-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass - informal review not required

BRANCH   DEC 10 2007   [stamp]

Staff Signature: _____                    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.
Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp 219 to end) U.S. 321-322 III Particular circumstance under which exhaustion of state remedies is or is not necessary. 26 S.ct 282, 200 U.S. 321 United States v. Detroit Timber + Lumber Co. (1906)

Signature: T. Bloodsaw                    Date Submitted: 11-29-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days). Date assigned: _____   Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____   Title: _____   Date Completed: _____

Division Head Approved:                                                              Returned

Signature: _____   Title: _____   Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

87 S.ct. 1727, 387 U.S. 523 Camara v. Municipal Court of City and County of San Francisco (1967) 106 S.ct. 1078, 475 U.S. 31-2 Whitley v. Albers (1986) 481 F.2d 1028 Johnson v. Glick (1973) 320 F. Supp. 513 Blyden v. Hogan (1970)

Signature: _____ T. Bloodsaw _____   Date Submitted: 12-4-07

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days). Date assigned: _____   Due Date: _____
☐ See Attached Letter

Signature: _____   Date Completed: _____

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

92 U.S. 275, 92 U.S. 275 Chy Lung v. Freeman (1875) 72 S.ct. 205, 342 U.S. 165 Rochin v. Calif. (1952) 89 S.ct. 1322, 394 U.S. 618 Shapiro v. Thompson (1969) 78 S.ct. 1332, 357 U.S. 513 Speiser v. Randall (1958) 9 S.ct. 122, 128 U.S. 456 Cornelius v. Kessel (1888) 118 Cal. Rptr. 120, 43 Cal. App. 3d 809 Chambers v. Municipal Court (1974) 97 U.S. 652, 97 U.S. 652 Barney v. Dolph (1878)

Signature: _____ T. Bloodsaw _____   Date Submitted: 12-5-07

For the Director's Review, submit all documents to:   Director of Corrections
                                                        P.O. Box 942883
                                                        Sacramento, CA 94283-0001
                                                        Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter
                                                        Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA                                 DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT      GPL= 3.3      CCCMS=NO    804 FAXED: 10-31-07

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | EPRD: 6-21-2020 | PBSP | ASUE-01L | E07-10-0015 |

| VIOLATED RULE NO(S). | SPECIFIC CHARGE: | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3004 (b) | DISRESPECT W/OUT POTENTIAL FOR VIOLENCE | ASU-1 | 10-25-07 | 1635 |

CIRCUMSTANCES

On October 25, 2007, at approximately 1635 hours, while I was assigned as the Administrative Segregation Unit-1 (ASU-1) Facility Third Watch Sergeant, I informed inmate BLOODSAW, P-20045, ASUE-01L that he was removed from his assigned cell to establish there is not a medical reason he should not have to not stand for the Institutional 1630 Standing Count. As I was explaining the CDCR policy for the Institutional Count Procedures to inmate BLOODSAW, he became very agitated, using vulgar language toward me with a very loud voice. Inmate BLOODSAW was very belligerent and called me a *"bitch ass, raciest, mother fucker"*, and stated, *"I'll see you in court you bitch ass mother fucker."* At 1645 hours inmate BLOODSAW was medically cleared by Psychiatric Technician (P.T.) A. Brown and escorted to his assigned cell without further incident. Inmate BLOODSAW is aware of this report.

**This inmate is not EOP or crisis Bed.** Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment in not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| P. DeMEO, SERGEANT   *Sgt P. DeMeo* | 10-31-07 | ASU, 3rd watch | M/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| J.C. ANDERSON, SGT. | 11/01/07 | N/A | |
| | DATE | | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☒ ADMINISTRATIVE | ADMIN. | 11/02/07 | J.F. PEDROSO, LT. | ☒ HO ☐ SHO ☐ SC ☐ |
| ☐ SERIOUS | | | *J.F. Pedroso, Lt. OHO* | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | J. HURLEY, C/O | 1/5/07 | 1170 | N/A | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| N/A | N/A | | | N/A | | |

HEARING

SEE ATTACHED HEARING DISPOSITION

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| R.E. BERRY, HEARING OFFICER | | 11-3-07 | 1000 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| M. FOSS, CAPTAIN | 11/26/07 | M.A. COOK, AWGP | 11-26-07 |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | *M. Henshaw* | | 11/27/07 | 0900 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                        PAGE ___1___ OF ___1___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | E07-10-0015 | PBSP | 11/8/07 |

☐SUPPLEMENTAL  ☒CONTINUATION OF:  ☐CDC 115 CIRCUMSTANCES  ☒HEARING  ☐I.E. REPORT  ☐OTHER

**Hearing**: On 11-08-07 at approximately 0830 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O B. PRICE and C/O J. KAY) to his refusal was completed.

**Due Process**: Per California Code of Regulations, Title 15, Section 3320 (a), the disciplinary must be served on the inmate within 15 days of discovery. Per California Code of Regulations, Title 15, Section 3320 (b), the charges must be heard, with specific exceptions, within 30 days of service on the inmate. Per California Code of Regulations, Title 15, Section 3320 (f), failure to meet these time constraints precludes the hearing from assessing a credit forfeiture. Failure to meet these time constraints does not preclude the hearing officer from assessing any other appropriate penalties. As credit forfeitures are not available to an administrative hearing in any case, these time constraints have no practical relevance for this hearing. As noted, the inmate received a copy of hearing documents more than 24 hours in advance of the hearing. There are no due process issues.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Correctional Officer M. Roberts, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Roberts confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee/Witnesses**: Per CCR 3314 (c), the inmate does not have the right to assignment of an investigative employee or request witnesses at this hearing. The hearing officer requested no witnesses.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 10-25-07.

**Finding**: Guilty of the administrative offense DISRESPECT WITHOUT A POTENTIAL FOR VIOLENCE. This charge requires evidence that the inmate took an action or made a comment or remark that was intended to offend, insult or otherwise disrespect the intended victim and the circumstances of the remark did not include a potential for violence or mass disruption. This finding is based upon the following preponderance of evidence:

A. The testimony of Correctional Sergeant P. Demeo in the disciplinary report of 10-25-07 wherein Sergeant Demeo testifies that inmate BLOODSAW called him a "BITCH ASS RACIST MOTHERFUCKER".

**Disposition**: With this notice, BLOODSAW is counseled that this behavior is not appropriate and given a reprimand.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| R. E. BERRY | SERGEANT | 11/8/07 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
|  |  | 11-27-07 | 0900 |

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



February 20, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0718874        DISCIPLINARY

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.

*U. Grani*

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

December 18, 2007

*BLOODSAW, P20045*
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*Your disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*PLEASE ATTACH "FINAL COPY" OF YOUR RVR ISSUED TO YOU AFTER YOUR HEARING.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

DEC 1 8 2007

24

B07-10-0015

*Emergency Appeal*

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.     Category 1/7

PBS

1. _____  1. _____
2. _____  2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BloodsAw Theopric | P20045 | | ASU-E1 |

**A. Describe Problem:** O'Donnell D.J., Sergeant I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-IX-XIII-XIV. I am unlawfully confined at PBSP as a hostage under a fraudulent CDC No. P20045 on 11-8-02 I was illegally arrested as a parole violator P.C. 5011. a parole warrant is P.C. 3056. you need a warrant to give me orders. When I arrived at ASU their was no standing count.

If you need more space, attach one additional sheet.

**B. Action Requested:** That Sgt. O'Donnell D.J. produce a warrant P.C. 3056. and show jurisdiction requirements

CV-00752-JF-550

Inmate/Parolee Signature: T. Bloodsaw          Date Submitted: 12-17-07

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: Bypass - informal review not required

BYPASS

BRANCH          DEC 24 2007

Staff Signature: _____          Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

That CDC 115 that your signature is on is a fraudulent document. 87 S.Ct. 1727, 387 U.S. 523 ___ Municipal Court of City and County of S.F. (1967) 2 ___ A 252, ___ U.S. 321 United States v. Detroit Timber + Lumber Co. 3901.17.1. Authority to Place Parole Hold.

Signature: T. Bloodsaw          Date Submitted: 12-17-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

DEC 18 2007

21

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____  Title: _____  Date Completed: _____
Division Head Approved:  Returned
Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*C.E. Wilber you have made intentional false statements. 3000. Definitions. 3273. Acceptance and Surrender of Custody. 3377.1. Inmate Custody Designations. 3075.1. Intake Processing. 3075.3. Discharge Certicates.✳ 412 80 S.Ct 412*

Signature: *T. Bloodsaw*  Date Submitted: *12-18-07*

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____  Date Completed: _____

Warden/Superintendent Signature: _____  Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Constitutional Law. Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321-322 III. Particular circumstance under which exhaustion of state remedies is or is not necessary. 43 Cal. Rptr. 898, 233 Cal. App. 2d 799 Le Mere v. Goren (1965) 651 F. 2d 1289 Palmer v. Roosevelt Lake Log Owners Ass'n (1981)✳ 122 9 S.Ct. 122*

Signature: *T. Bloodsaw*  Date Submitted: *12-20-07*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)



0718874

State of California

# Memorandum

Date  : June 7, 2007

# DA ACCEPTED

To    : M. D. Yax
        Associate Warden
        Central Services

From  : Department of Corrections and Rehabilitation
        Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject : **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the California Penal Code Section:

     **69**          **Resisting or Deterring an Officer**

     **4501.5**   **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte County District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

     **COUNT I**   **4501.5 Battery Upon a Person not a Prisoner**

     **COUNT II  69**     **Resisting or Deterring an Officer**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
     Facility S&E
     Records
     Inmate
     CLO File

37 38
26
40

DA# 07040144                          Agency:  PBSP                      5/31

SPACE BELOW FOR USE OF COURT CLERK ONLY

DISTRICT ATTORNEY
County of Del Norte
450 H Street #171
Crescent City, California
Phone (707) 464-7210

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
## DEL NORTE JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA

                    Plaintiffs,              **COMPLAINT**

        vs.                                  Att: Alexander
                                             CourT = DAtc 6-14-07
THEOPRIC BLOODSAW, P-20045

                    Defendant.

The DISTRICT ATTORNEY of the County of Del Norte, State of
California, hereby charges the DEFENDANT with having committed, in the
County of Del Norte, the crime of:


COUNT 1.
**BATTERY ON CORRECTIONAL OFFICER, in violation of Section 4501.5 of the
Penal Code, a felony.**
        On or about April 12, 2007, the Defendant did willfully and
unlawfully being a person confined in a state prison of this state,
commit a battery upon the person of Correctional Officer J. Thom , an
individual who is not himself a person confined therein. (Kicked in Knee)


COUNT 2.
**RESISTING EXECUTIVE OFFICER, in violation of Section 69 of the Penal
Code, a FELONY.**
        On or about April 12, 2007, the Defendant did willfully, unlawfully
and knowingly resist executive officers, to-wit: Correctional Officers
J. Thom and T. Holmes, in the performance of their duty by the use of
force and violence .

Orig.

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY,** in violation of section 667.5(b) of the Penal Code.

It is further alleged that Defendant was, on the 17th day of September, 1997, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Possession of a Controlled Substance, a felony, in violation of section 11350(a) of the Health and Safety Code, case number YA034031, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY,** in violation of section 667.5(b) of the Penal Code.

It is further alleged that Defendant was, on the 4th day of April, 2003, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Assault on a Peace Officer, a felony, in violation of section 245(c) of the Penal Code, case number YA053506, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION, within the meaning of Penal Code sections 1170.12 and 667(b) through 667(i) inclusive.**

It is further alleged that said defendant was convicted on the 4th day of April, 2003, of Criminal Threats, in violation of section 422 of the Penal Code, in Los Angeles County, State of California, within the meaning of Penal Code sections 1170.12 and 667(b) to 667(i) inclusive.

I so swear, under penalty of perjury, on May 25, 2007, at Crescent City, California, that the foregoing is true and correct on information and belief.

Katherine Micks,  DEPUTY DISTRICT ATTORNEY

28  
40

FILED  
Cm  
MAY 3.0 2007  
SUPERIOR COURT OF CALIFORNIA  
COUNTY OF DEL NORTE

1   MICHAEL D. RIESE  
    DISTRICT ATTORNEY  
2   Courthouse · 450 H Street  
    Crescent City, CA 95531  
3   Telephone: (707) 464-7210

4               SUPERIOR COURT, OF CALIFORNIA

5                   COUNTY OF DEL NORTE

6

7   PEOPLE OF THE STATE OF CALIFORNIA,         CASE NUMBER:  
                    Plaintiff,                  CRPBG7 - 5089

8                                              ORDER FOR TRANSPORT  
        vs.                                    VIDEO

9   THEOPRIC BLOODSAW, P-20045                 COURT DATE: May 31, 2007  
10                  Defendant.                 TIME: 8:00 a.m.

11   TO THE WARDEN OF PELICAN BAY STATE PRISON:

12       IT IS HEREBY ORDERED that Theopric Bloodsaw, P-20045, be produced in the Superior  
13   court for prosecution or examination for an offense triable in the Superior court, and that Pelican Bay  
     State Prison is to transport said person to the Video Arraignment Room located at Pelican Bay State  
14   Prison, on May 31, 2007 at 8:00 a.m., for arraignment or other proceedings.

     IT IF FURTHER ORDERED that said inmate continue to be transported for appearances at the Del  
15   Norte County courthouse, Crescent City, Calif. until the conclusion of his case.

16   DATED:_____ MAY 3 0 2007        _____  
                                       JUDGE OF THE SUPERIOR COURT  
17                                     *WILLIAM H FOLLETT*

18

19

20





STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| | | GPL= 3.3 | | CCCMS=NO |
|---|---|---|---|---|

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | EPRD: 06-21-2020 | PBSP | ASUE-01L | E07-12-0003 |

| VIOLATED RULE NO(S). | SPECIFIC CHARGE | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | ASU-1 | 12-19-2007 | 0730 |

CIRCUMSTANCES:

On Wednesday, December 19, 2007 at approximately 0730 hours while doing my medication pass, I stopped at ASUE-01L, which is solely occupied by inmate BLOODSAW, P-20045. I was attempting to give BLOODSAW his morning medication and triage his sick call slip. BLOODSAW became verbally abusive, using vulgar language toward me. I made several attempts to communicate with BLOODSAW, with negative results. BLOODSAW continued to use vulgar language towards me, and stated he is refusing his medication. At that time BLOODSAW said, "Suck my dick" as he pulled his penis out with his left hand and waved his penis at me. At that time I exited the section, and notified Lt. G.A. Kelley of the incident. BLOODSAW is aware of this report. (Refer to PBSP-FBAS-07-12-0507.)

This inmate is not EOP or crisis Bed. Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| R.N. S. NAKAMURA | 12/26/07 | ASU-1 REGISTERED NURSE | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| J.C. ANDERSON, SGT. | 12/ / | n/A | LOC. |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D (S) | 1.4.0 | R. TUPY, LT. | ☐ HO ☒ SHO ☐ SC ☐ |

## COPIES GIVEN INMATE BEFORE HEARING

| | BY (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| ☒ CDC 115 | D. HARLOW, C/O | 12-25 2007 | 1155 | N/A | | | |
| ☒ INCIDENT REPORT LOG NUMBER: PBSP-FBAS-07-12-507 | D. HARLOW, C/O | 12-25 2007 | 1155 | BY (STAFF'S SIGNATURE) N/A | | DATE | TIME |

HEARING

SEE ATTACHED HEARING DISPOSITION

DA Referred Inmate Y/nicm
12-31-2007 @ Lthdasd @ 0745

DA Reject Inmate to Y/nicm
1-7-2008 @ 1010 hrs. L.L.H.O

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) T. BOSLEY, SENIOR HEARING OFFICER | SIGNATURE | | DATE | TIME |
| REVIEWED BY (SIGNATURE) M. FOSS, CAPT | DATE 1/2/0 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE M.A. COOK, AWGP | DATE 1- -08 | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY (STAFF'S SIGNATURE) | | DATE 1-7 | TIME |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3007 | 12-19-07 | PBSP | E07-12-0003 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ Refused to sign | 12-26-2007 |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☒ WAIVED BY INMATE | ▶x Refused to sign | 12-26-2007 |

| ☒ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| | | ☐ F. Nile |

| ☐ NOT ASSIGNED | REASON |
|---|---|
| | Cat: 3.3 |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☒ WAIVED BY INMATE | ▶ Refused to sign | 12-26-2007 |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|

| ☒ NOT ASSIGNED | REASON |
|---|---|
| | Inmc per CCR 3315 (d)(1) |

EVIDENCE / INFORMATION REQUESTED BY INMATE:
None

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ No | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| | ▶ GS No. Ltolibou | 1155 | 12/26/07 |

CDC 115-A (7/88)    *— If additional space is required use supplemental pages —*

**#07  #6**
**STATE OF CALIFORNIA**                               DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                  PAGE   1   OF   2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | E07-12-0003 | PBSP | 12/28/07 |

☐SUPPLEMENTAL  ☒CONTINUATION OF:   ☐CDC 115 CIRCUMSTANCES  ☒HEARING   ☐I.E .REPORT   ☐OTHER

**Hearing**: On December 28, 2007 at approximately 0850 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O R. Achziger and C/O H. SOULE) to his refusal was completed.

**District Attorney**: Per the California Department of Corrections (CDC) Form 115-A, BLOODSAW was advised prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. He was informed that any statements could be used against him in a court of law. There is no reason to believe that BLOODSAW signed a written postponement request.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, B. Price, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Price confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape/ Photo evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 12/19/07 as well as the incident report.

**Finding**: Guilty of the Div. D (5) offense INDECENT EXPOSURE. This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm. Given that inmates are obligated to protect the privacy of himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront. This finding is based upon the following preponderance of evidence:

A. The testimony of Registered Nurse S. Nakamura in the disciplinary report of 12/19/07 wherein Nakamura testifies that, "On 12/19/07 Inmate BLOODSAW, P-20045, ASUE-01L, pulled his penis out with his left hand and waved it at me stating suck my dick.

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED | |
|---|---|---|---|---|---|
| T. Bosley | | Correctional Lieutenant | | 12/28/07 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: | TIME SIGNED: | |
| X | C/O | | 1-7-2008 | 1010 | |

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                    PAGE __2__ OF __2__

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER E07-12-0003 | INSTITUTION PBSP | TODAY'S DATE 12/28/07 |
|---|---|---|---|---|

☐SUPPLEMENTAL    ☒CONTINUATION OF:    ☐CDC 115 CIRCUMSTANCES    ☒HEARING    ☐I.E .REPORT    ☐OTHER

**Disposition:** Assessed **90** day credit forfeiture for this Div. D offense. With this notice, BLOODSAW is informed that his credit restoration period began 12/20/07 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. Referred to classification for SHU assessment.   With this notice, BLOODSAW is referred to CCR §3084.1 for information on appeal procedures.


**Additional penalties:** Per PBSP Pilot Program for Management of indecent exposure incidents, the hearing officer may suspend specific privileges for no more than 90 days for the first offense and 180 days for the second offence with the suspension period starting the day of the hearing. The following privilege is suspended for this inmate: canteen and vender purchases. These privileges are suspended from the date of this hearing through 03/27/08 for a total of 90 days.

**Copies:** Inmate trust office; Canteen, Program Lieutenant

| SIGNATURE OF WRITER T. Bosley | | TITLE Correctional Lieutenant | | DATE NOTICE SIGNED 12/28/07 | |
|---|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 1-7-2008 | | TIME SIGNED: 1010 |



STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| | |

## REASON(S) FOR PLACEMENT (PART A)

☐ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☐ ENDANGERS INSTITUTION SECURITY      ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)   ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:    /    /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| | | | |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| | | | | |

☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
| | | | |

### IS THIS INMATE:

| | | | EVIDENCE COLLECTION BY IE UNNECESSARY | ☐ YES ☐ NO |
|---|---|---|---|---|
| LITERATE? | ☐ YES | ☐ NO | | |
| FLUENT IN ENGLISH? | ☐ YES | ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | ☐ YES ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☐ YES | ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☐ YES ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☐ YES | ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | | |

Any "NO" requires SA assignment

Any "NO" may require IE assignment

☐ NOT ASSIGNED                ☐ NOT ASSIGNED

## INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** ☐ RELEASE TO UNIT/FACILITY_____   ☐ RETAIN PENDING ICC REVIEW   ☐ DOUBLE CELL   ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

State of California

# Memorandum

Date    : November 6, 2007

**DA DISMISS**
(AND DETAINER REMOVAL)

To    : M. D. Yax
       Associate Warden
       Central Services

From   : Department of Corrections and Rehabilitation
         Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject : **PBSP INCIDENT #PBP-B08-07-04-0144, CRPB07-5089**

On April 12, 2007, inmate **BLOODSAW, P-20045**, committed the following violation of the California Penal Code Section:

    **69**          **Resisting or Deterring an Officer**
    **4501.5**      **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

    **COUNT I   4501.5 Battery Upon a Person not a Prisoner**
    **COUNT II  69    Resisting or Deterring an Officer**

On November 6, 2007, the District Attorney's Office notified Pelican Bay State Prison that on October 26, 2007, the case was dismissed by the court, and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate.  Please release the Detainer placed by this office.  Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case.  If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

    cc:   Facility Captain
          Facility S&E
          Records
          Security Squad
          Inmate
          OTC Desk
          CLO File

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

| DISTRIBUTION | | | |
|---|---|---|---|
| WHITE | CENTRAL FILE | CANARY | WARDEN |
| BLUE | INMATE (2ND COPY) | PINK HEALTH | CARE MGR |
| GREEN | ASU | GOLDENROD | INMATE (1ST COPY) |

GPL: 3.3/ LOC=CLEAR

| INMATE'S NAME | CDC NUMBER | |
|---|---|---|
| BLOODSAW | P20045 | ASUE-01L |

## REASON(S) FOR PLACEMENT (*PART A*)

☒ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ ENDANGERS INSTITUTION SECURITY     ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

You are currently serving a determinate SHU term due to an RVR dated 4-12-07, Battery on a Peace Officer with a MERD of 4-12-08. You have an extensive disciplinary history including and RVR dated: 12-19-07, Indecent Exposure. Based upon the aforementioned, your presence in General Population continues to pose a threat to the safety of others and the security of the Institution. You are scheduled to appear before Classification Committee for a Subsequent ASU review. During this review your disciplinary history will be reviewed and a determination will be made relative to your possible retention in SHU on Indeterminate status. You will be afforded the opportunity to present any relevant information to Classification Committee regarding your current housing and or program.

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)     ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:     N/A

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 04-12-2007 | F. MARULLI | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 03-12-2008 | | D.J. HARLOW | | OFFICER |

☐ INMATE REFUSED TO SIGN     INMATE SIGNATURE     CDC NUMBER

## ADMINISTRATIVE REVIEW (*PART B*)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEES NAME | TITLE |

**IS THIS INMATE:**

| | | |
|---|---|---|
| LITERATE? | ☐ YES ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY ☐ YES ☐ NO |
| FLUENT IN ENGLISH? | ☐ YES ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE ☐ YES ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☐ YES ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS ☐ YES ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☐ YES ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED ☐ YES ☐ NO |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES ☐ NO | |

Any "NO" requires SA assignment                    Any "NO" may require IE assignment

☐ NOT ASSIGNED   3.3 GPL          ☐ NOT ASSIGNED

## INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER     ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ NO WITNESSES REQUESTED BY INMATE     INMATE SIGNATURE     DATE

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC UMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

DECISION:  ☐ RELEASE TO UNIT/FACILITY _____  ☐ RETAIN PENDING ICC REVIEW  ☐ DOUBLE CELL  ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

*PC 44*
*104*

1/State of California

*ASU -E1*

# Memorandum

Date   :  December 27, 2007

## DA REFERRAL
### (DETAINER)

To    :  M. D. Yax
         Associate Warden
         Central Services

From  :  Department of Corrections and Rehabilitation
         Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject : PBSP INCIDENT #PBSP-FBAS-07-12-0507

On December 19, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of
the California Penal Code Section:

   314  **Indecent Exposure**

As of December 27, 2007, this case was prepared for submission to the Del Norte County
District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of
this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their
office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


T. STEWART
Correctional Sergeant
Court Liaison Office

   cc:   Facility Captain
         Facility S&E
         Records
         Inmate
         CLO File

State of California .

## Memorandum

Date : January 2, 2008

# DA REJECT
## (DETAINER REMOVAL)

To : M. D. Yax
Associate Warden
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBSP-FBAS-07-12-0507**

On December 19, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the California Penal Code Section:

**314  Indecent Exposure**

On December 27, 2007, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

On January 2, 2008, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that they declined to prosecute and referred the case back to the institution for administrative disposition.

The Court Liaison Office is no longer investigating the above named inmate. Please release the detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in the case.    If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
Facility S&E
Records
Evidence Officer
Inmate
CLO File

INMATE NAME: BLOODSAW          NUMBER:  P-20045          CELL: ASU- E1

On this date: DECEMBER19, 2007, your behavior of (DESCRIBE / ACTIONS):
*INDECENT EXPOSURE*

Has necessitated the implementation of the following Security Precaution(s) and or Restriction(s):

## CUSTODY SECURITY PRECAUTIONS   (CHECK APPROPRIATE PRECAUTIONS)

| | |
|---|---|
| _____ LEG IRONS | _____ PAPER TRAY |
| _____ FOOD DELIVERY SYSTEM | _____ NO TEAR BLANKET |
| _____ SECURITY TRIANGLE | _____ PAPER TRAY |
| _____ SPIT HOOD | __X__ YELLOW LEXAN/ PLACARD — 90 DAYS |
| _____ WAIST CHAIN | _____ RAZOR |
| _____ LINEN | _____ SPOON |
| _____ CLOTHING – (BOXERS) | _____ PEN FILLER |
| _____ MATTRESS | _____ CELL WATER |
| _____ CUP/CONTAINER | __X__ OTHER: *EXPOSURE JUMPSUIT- 90 DAYS* |

## RESTRICTIONS        (CHECK APPROPRIATE RESTRICTIONS)

_____ YARD                        _____ PROPERTY

OTHER: _____

These precaution(s) / restriction(s) are implemented as a preventive measure to discourage future incidents of the same nature. This precaution(s) / restriction(s) will remain in effect until 2400 hours on 3-19-2008.

SURIGHT- *Sgt.*
(PRINT and SIGN NAME)
REQUESTER / RANK

LT _____ *12-19-07*
(PRINT and SIGN NAME)
APPROPRIATE SUPERVISOR / RANK

[X] **APPROVED**        [ ] **DISAPPROVED**

Distribution:  Central File
AWC File
Unit Sergeant
Inmate
Unit
Counselor

CDC 128-B Revised 02-06

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
CDCR 837-A (REV. 10/06)

| | | Page 1 of 4 | INCIDENT LOG NUMBER PBSP-FBAS-07-12-0507 | INCIDENT DATE 12/19/2007 | INCIDENT TIME 07:30 |
|---|---|---|---|---|---|

| INSTITUTION PBSP | FACILITY FBAS - ASU | FACILITY LEVEL ☐ I ☐ II ☐ RC ☐ III ☑ IV | INCIDENT SITE ADMINISTRATIVE SEGREGATION | LOCATION SECTION E, CELL ASU-E-01L | PROGRAM ASU | AD/SEG YARD N/A | USE OF FORCE: No |
|---|---|---|---|---|---|---|---|

| SPECIFIC CRIME / INCIDENT Sexual Misconduct - Indecent Exposure | ☑ CCR ☑ PC ☐ N/A 3007 Sexual Behavior PC 314 | NUMBER / SUBSECTION - - |
|---|---|---|

| D.A. REFERRAL ELIGIBLE ☑ Yes ☐ No | CRISIS RESPONSE TEAM ACTIVATED ☐ Yes ☑ No | MUTUAL AID ☐ Yes ☑ No | PIO/AA NOTIFIED ☑ Yes ☐ No |
|---|---|---|---|

## RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH AND CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A |
| | | Other Desc: |

| SERIOUS INJURY | INMATE WEAPONS | TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A |

| ESCAPES |
|---|
| ☑ N/A |

| CONTROLLED SUBSTANCE | WEIGHT/ In Grams | PROGRAM STATUS | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☑ N/A | | ☑ N/A | ☑ N/A |
| | | | EXTRACTION: ☑ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)

On, Wednesday, December 19, 2007, Inmate BLOODSAW, P-20045, ASU-E-01L, intentionally exposed his penis to Registered Nurse S. Nakamura and said "Suck on this, can you see it." while holding his penis with his left hand and shaking it.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) GLENN KELLEY | TITLE CORRECTIONAL LIEUTENANT | ID# 116001582 | BADGE # 12097 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE 6200 | DATE 12/19/2007 |
| NAME OF WARDEN / AOD (PRINT / SIGN) ROBERT HOREL | | TITLE WARDEN | DATE |

# CRIME / INCIDENT REPORT
## PART A1 - SUPPLEMENT
CDCR 837-A1 (REV. 10/06)

| | | DEPARTMENT OF CORRECTIONS AND REHABILITATION |
|---|---|---|
| | Page 2 of 4 | INCIDENT LOG NUMBER PBSP-FBAS-07-12-0507 |

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| PBSP | FBAS - ASU | 12/19/2007 | 07:30 |

TYPE OF INFORMATION:

☑ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

At approximately 0730 hours, while delivering medication to inmates in their cells, RN Nakamura approached cell ASU-E-01 solely occupied by inmate BLOODSAW and began conversing with BLOODSAW about his medication, when BLOODSAW became angry and began calling RN. Nakamura profanities. Then BLOODSAW intensionally exposed his penis and began shaking it with his left hand to direct RN. Nakamura's visual attention to it and stated "Suck on this, can you see it." RN. Nakamura departed the area and reported the incident to Lieutenant G. A. Kelley.

SUSPECT:BLOODSAW, P-20045

VICTIM:RN. S. Nakamura

MEDICAL REPORTS/INJURIES TO STAFF: None reported.

MEDICAL REPORTS/INJURIES TO INMATES: None reported

PAST CDC RULES VIOLATIONS: None.

PAST CRIMINAL HISTORY: None for PC 288 or 314 related offenses.

CRIME SCENE/EVIDENCE: None identified.

USE OF FORCE: None reported.

STATUS OF VIDEOTAPED INTERVIEW: No videotape interview was conducted because there were no Head Injures, no Serious Injures or Force Allegations made during this incident.

ESCORTS: None required.

CONCLUSION: Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3007, Sexual Behavior, Specifically 'Indecent Exposure'. This case will be referred to the Del Norte County District Attorneys Office for possible felony prosecution. Inmate BLOODSAW was placed on yellow placard caution and indecent exposure jump suit status as precautions to future indecent exposure incidents should they occur.

NOTIFICATIONS: The Facility 'B' Captain, M. Foss, and all appropriate administrative staff were notified about the incident. You will be advised of any further developments in this matter should they occur via supplemental reports.

OVERTIME: There was no overtime incurred as a result of this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) GLENN KELLEY | TITLE: CORRECTIONAL LIEUTENANT | ID# 116001582 | BADGE # 12097 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE 6200 | DATE 12/19/2007 |
| NAME OF WARDEN / AOD (PRINT/ SIGN) ROBERT HOREL | | TITLE WARDEN | DATE |

DV-1.5.3

# CRIME / INCIDENT REPORT
## PART B1 - INMATE
### CDCR 837-B1 (REV. 10/06)

| INSTIUTTION | FACILITY | | | | | | | INCIDENT LOG NUMBER | |
|---|---|---|---|---|---|---|---|---|---|
| PBSP | FBAS - ASU | | | | | | | PBSP-FBAS-07-12-0507 | |

### INMATE (ENTIRE SHEET)

| NAME: LAST | | FIRST | | MI | CDC # | SEX | ETHNICITY | FBI #: | | CII # |
|---|---|---|---|---|---|---|---|---|---|---|
| BLOODSAW | | THEOPRIC | | NMI | P-20045 | M | BLA | 496721PA9 | | A08953256 |

| PARTICIPANT | CLASS SCORE | PVRTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | RELEASE Date Type | EXTRACTION | DOB | HOUSING |
|---|---|---|---|---|---|---|---|---|---|
| SUSPECT | 119 | YES | 06/11/2003 | 09/27/2007 | 05/28/2020 | 0 | NO | 06/25/1958 | ASU-E01L |

| CURRENT INMATE LEVEL | ☑ N/A | ☐ CCCMS | ☐ EOP | ☐ DMH | COMMITMENT OFFENSE | COUNTY OF COMMITMENT |
|---|---|---|---|---|---|---|
| IV | ☐ MHCB | ☐ DDP | ☐ DPP | | BATTERY ON A PEACE OFFICER | LOS ANGELES |

☑ N/A   DESCRIPTION OF INJURIES, LOCATIONS AND CAUSE

| ☑ N/A | ☐ TREATED AND RELEASED | ☐ HOSPITALIZED | | NAME/ LOCATION OF HOSP/ TREATMENT FACILITY |
|---|---|---|---|---|
| ☐ DECEASED DATE | | ☐ REFUSED TREATMENT | ☑ N/A | |

| Reason For Death: | Is There ASCA Seious Injury ☑ N/A  PRISON GANG / DISRUPTIVE GROUP | VALIDATED / ASSOCIATED |
|---|---|---|
| | ◉ No   ○ Yes | |



# INCIDENT NUMBER:   PBSP-FBAS-07-12-0507

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the 837B as part of the evidence for their disciplinary hearings.

Per the Memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his pre-hearing documents. A list of the participants may be substituted. This is the list of participants authorized by that Memorandum.

| I/M NAME | CDCR # | STAFF NAME | TITLE |
|---|---|---|---|
| BLOODSAW | P-20045 | G.A. KELLEY | LIEUTENANT |
|  |  | S. NAKAMURA | REGISTERED NURSE |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _1_ OF _2_

| INCIDENT LOG NUMBER |
|---|
| PBSP-FB43-07-12-0507 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| NAKAMURA | STEVEN | Y | 12/19/07 | 0730 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 234520 | ASU-1 RN | 11 Years 11 Months | 12/19/07 | ASU E-1 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| 5/5 | 06-14 | 3007 Indecent Exposure | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE V-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☑ PRIMARY | S - C. Kelley Lt. | S- Bloodsaw    CDC# P20045 |
| ☐ RESPONDER | | ASU E-1 |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|
| ☐ WEAPON | NO: | NO:      TYPE: | TYPE: |
| ☐ PHYSICAL | | | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | ☐ OC |
| ☑ NONE | ☐ 9 MM | ☐ 40 MM | ☐ CN |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL | ☐ L8 | ☐ CS |
| ☐ WEAPON | ☐ SHOTGUN | ☐ 40 MULTI | ☐ OTHER: |
| ☐ PHYSICAL | | ☐ HFWRS | |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON | ☒ N/A |
| ☑ NONE | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☑ YES Fresh, |
| ☑ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY    ☒ N/A | ☐ YES |
| ☑ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

NARRATIVE: On 12/19/07 at approximately 0730 while doing my medication pass, I stopped at inmate Bloodsaw's cell (P20045) at ASU E-1 to give him his medication and to triage his sick call slip. Bloodsaw SAID, "Kiss my black ass. Fuck you bitch. Kiss my black ass. One more of those are on the way. I notified you 3 wks ago that I did not want to see that bitch. What do you mean I cannot pick and choose. Fuck you bitch. Kiss my mother fucking black ass! Tell that bitch that I am a racist mother fucker. I will get my mother fucking medication. Everything is on that. Can you read and write mother fucker? Can you read and write. I told that bitch

☑ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| [signature] | RN | N/A | 12/19/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| S. WRIGHT - [signature] | 12-19-07 | ☑ YES  ☐ NO | ☐ YES  ☒ NO | 12-19-07 |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBSP-FBAS-07-12-0507

| NAME: LAST | FIRST | MI |
|---|---|---|
| NAKAMURA | STEVEN | Y |

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT   ☐ CLARIFICATION OF REPORT   ☐ ADDITIONAL INFORMATION

NARRATIVE: I'm refusing. Suck my dick. Suck my dick. Can you see it? Bloodsaw at this point had pulled his penis out and was waving it at me with his hand. I was offended by his exposure of his penis. I walked off the tier. I notified Lt Kelly of the incident. It should be noted that Bloodshaw was holding his penis with his left hand.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | T/M | N/A | 12/19/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| SWRIGHT / SWright | 12-19-07 | ☒ YES ☐ NO | ☐ YES ☒ NO | 12-19-07 |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor



STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 A (8-87)

**NAME and NUMBER**      BLOODSAW                    P-20045            **CELL:**  AF04-223U

On 04/01/04, at approximately 1700 hours, while I was assigned as the AF-4 Control Booth Officer, I was informed by A-Facility Program Sergeant J. Diggle that I needed to empty a cell. Sergeant Diggle gave me a list of compatible inmates. On the list were inmate BLOODSAW, P20045, AF4-223 and inmate HALE, K-55936, AF4-230. At approximately 1750 hours I opened cell AF4-223 and cell AF4-230. BLOODSAW and HALE walked down to the C-Section dayroom. I informed both inmates I needed to make a empty cell. HALE stated, "No way" and walked back to his assigned cell. BLOODSAW stated, "You're trying to set me up" and walked back to his assigned cell. General population inmates at P.B.S.P. are required to comply with P.B.S.P. housing expectations. It is the expectation that compatible inmates housed in general population double cell. Both BLOODSAW and HALE are non-affiliated black inmates.

This disciplinary was originally written by Correctional Officer J. Holz as a CDC 115 for FAILURE TO MEET PROGRAM EXPECTATIONS. Prior to being classified I reduced it to a CDC 128A in the interest of justice. This is in keeping with the progressive disciplinary process.

ORIG  :  C-File
cc    :  AWC File

R. K. Bell
Correctional Lieutenant

**DATE**    04-06-04

PBSP                        CUSTODIAL

*I'm COPY*

NO:  P20045          NAME:  BLOODSAW, Theopric                    HSG:  A2-109L
Custody:  CLO BS     CS:  87 (IV)      C/C EFF 8/3/05
RelDate:  EPRD 12/24/19    Reclass:  6/2006     Assignment:  U/A
                                               Action:  AFFIX "S" SUFFIX; RETAIN C/C

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Program Review.  Prior to Committee, D. Melton was assigned as staff assistant and was present during Committee.  The staff assistant was assigned for the following reasons:  CCCMS level of care, and S's current RGPL is 4.0 or less.  Committee effectively communicated with S as noted:  Short sentences using simple English.  Committee noted S has an RGPL of 3.3.  Effective communication was achieved, and S appeared to understand.  This Program Review is being held for the two following reasons: (1) Review for "S" suffix placement; and (2) Address prior D1/D and/or C/C status.  S was asked if he was willing to take a cellie and program, and S stated, "No."  Committee noted S has no cellmate and the "S" custody suffix has not previously been applied.  **Committee acts to affix the "S" suffix, due to S adamantly refusing to take a cellie and program.**  S was advised that the "S" suffix can be taken off when he decides to program and adhere to CDC rules and regulations of double celling.  Committee notes that ICC of 6/22/05, assigned S to WG/PG D1/D when placed in AD-SEG.  Per memo of 9/17/04, any I/M who is placed in AD-SEG while on C/C status shall be assigned to WG/PG D2/D.  This shall be assigned whether or not the move was adverse or non-adverse.  **Committee acts to clear this error and make S D2/D effective 6/10/05 through 8/2/05, then C/C 8/3/05 until present UCC.**  As S is adamantly refusing to program, **Committee acts to retain S on WG/PG C/C.  Committee further acts to continue custody level at CLO BS, with WG/PG C/C effective 8/3/05.**  S participated in Committee, acknowledged understanding, and agreed with Committee action, stating, "I refuse to take a cellie.  I'm telling you straight up, I'm a Crip."  S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not.  Next scheduled Committee will be in 6/2006, for Annual Review.

CHAIRPERSON:  D. SWEARINGEN/FC(A)                    S. WALCH/CCII(A)          RECORDER:  M. THORNTON/CCI

CC:  ☐OBIS  ☐CSR  ☐IGI  ☐PSYCH  ☐MED  ☐C&PR  ☐OTHER_____          ☒128-C2 in C-file
     (THORNTON/jw)                    Classification          FAC-A  UCC/REVIEW           Inst: PBSP
Committee Date:  10/18/05

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev. 12/91)

NO: P-20045    NAME: BLOODSAW, Theopric    Housing: B8-209
Custody: CLO B    CS: 93 (IV)    C/C Eff. 07/14/04    Assignment: BMU
RelDate: EPRD 12/24/2019    Reclass: 01/03/07    **Action:** **REAFFIRM PLACEMENT IN BMU FOR 90 DAYS. RETAIN ON STEP# 1 OF ITP. CONTINUE C/C EFFECTIVE 07/14/04. D/C CLEAR.**

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for Program Review. Committee notes CDC 128C, Madrid Exclusionary, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File. Prior to Committee Correctional Officer Thorn was assigned as a staff assistant and was present during Committee. The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less. Committee notes S has a RGPL of 3.3. Effective communication was achieved using short sentences and simple English and S appeared to understand. Committee notes that S has received disciplinaries dated 10/17/06, 11/14/06, 11/16/06, and 11/21/06, for Refusing to Attend BMU Classes. S additionally received a 128A dated 10/25/06 for Refusing to Accept a Cellie during this 30 day review. Placement score is a current Level IV score of 93 points. Mandatory minimum score of 19 is noted for VIO. S was advised to notify staff immediately of any enemy situation which may arise. S is approved for 270 design facilities. **Committee acts to reaffirm S in the BMU program for 90 days and retain on Step # 1 of Individual Treatment Plan (ITP) for 30 days based on S's nonparticipation in the required BMU classes and not remaining disciplinary free. Committee also acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody. S was reviewed and cleared for double celling.** S was advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments. S participated in Committee, acknowledged understanding and disagreed with Committee action, stating "What about my 602's. I will see you all in Court." UCC explained that his appeals were being processed and that he needed to follow the BMU program requirements to be released to the general population. S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, Classification chrono, or not. Next scheduled Committee will be on 01/03/07 for Program Review. Next scheduled Annual Committee will be in 06/2007.

CHAIRPERSON: GUBELL/FC (A)    S. WALCH/CCII    S. ROBERTS/EDUCATION    RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐OTHER

Committee Date:  11/29/06    (MELTON/ew)    Classification    **BMU**/UCC    PROGRAM REVIEW    Inst: PBSP

orig.



STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

| | | | |
|---|---|---|---|
| NO: P-20045 | NAME: BLOODSAW, THEOPRIC | | HSG: ASU E1 |

Custody: MAX    PS: 133    Level: IV    WG/PG: D1/D    EFF: 09/13/2007 Assignment: ASU MERD 04/12/2008

Rel Date: EPRD 12/01/2021 Reclass: 06/12/2008 **Action: RETAIN SHU INDET STATUS UPON EXPIRATION OF MERD; REFER TO CSR RX**
BPH Rev: 0                                                                      **TX PBSP/COR SHU**

**RECOMMENDED ACTION:** Retain in SHU indeterminate status upon expiration of MERD. Refer to CSR recommending transfer PBSP/COR SHU.

**ADMINISTRATIVE PLACEMENT FACTORS:** Inmate BLOODSAW refused to appear before PBSP AD-SEG, ICC on this date for Pre-MERD Review. Pursuant to CCR 3336 the Reason for Placement (Part A) is: S is serving a determinate SHU term due to RVR 04/12/07, Battery on a Peace Officer, with a MERD of 04/12/2008.

**DISCUSSION:** Committee notes S is endorsed for transfer to PBSP SHU. Due to the lack of SHU bedspace S has remained in ASU on Active MERD. Committee reviewed S's disciplinary history which includes two RVR's that resulted in determinate SHU terms. S has been found guilty of RVR's dated 08/11/99, Attempted Battery on a Peace Officer, 04/12/07, Battery on a Peace Officer 12/19/07, Indecent Exposure and numerous RVR's for recurring Failure to Meet Program/Work Expectations. Committee views S's refusal to appear at ICC for his Pre-MERD Review, as another example of his refusal to program. Committee deems S's presence in GP poses an unacceptable risk to the safety of others and the security of the institution. Committee acts to retain S on SHU Indeterminate status upon expiration of MERD.

**STAFF ASSISTANCE:** More than 24 hours prior to Committee, Correctional Officer J. Kay was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

**MENTAL HEALTH REVIEW:** ICC notes CDCR 128-C, dated 06/27/01, noting S is not a participant in the MHSDS level of care.

**DA ACTION:** N/A

**CELL STATUS:** S is cleared for double celling.

**YARD STATUS:** Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

**COMMITTEE ACTION:** Committee acts to refer this case to the CSR with recommendation for transfer to PBSP, with alternate of COR, for SHU placement. This is an adverse transfer. Upon transfer, S's custody will be MAX; WG/PG D1/D effective 09/13/07 and single cell housing will not be required.

**INMATE COMMENTS:** N/A

**APPEAL RIGHTS:** As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

| | | |
|---|---|---|
| CHAIRPERSON: F. JACQUEZ/CDW | RECORDER: | S. O'DELL/CCII |
| COMMITTEE MEMBERS: R. BELL/FC | J. PASCOE/PHD | |
| DATE: 03/12/2008 | ASU INSTITUTIONAL CLASSIFICATION COMMITTEE | Inst.: PBSP |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

| | | | | |
|---|---|---|---|---|
| NO: | P-20045 | NAME: BLOODSAW, THEOPRIC | | HSG:   ASU-F12   B8 113 |
| Custody: | CLO-B | PS: 133   Level: IV   WG/PG: A2/B   EFF: 04/13/08   Assignment:   SS, FS W/L | | |

Rel Date:   EPRD 12/01/2021   Reclass:   04/25/08    **Action:**   ASSESS/SUSPEND 6-MONTH SHU TERM RVR 12/19/07; REFER TO CSR
BPH Rev:   NA                                   AUDIT/REVIEW; RELEASE PBSP-IV B FAC ESTABLISH CLO-B CUSTODY WG/PG
                                                A2/B EFF 04/13/08; FS, SS W/L; REFER BMU REVIEW

**RECOMMENDED ACTION:** Refer to CSR for audit/review.

**ADMINISTRATIVE PLACEMENT FACTORS:** Inmate BLOODSAW refused to appear before PBSP AD-SEG, ICC on this date for Subsequent Review. Committee notes S currently housed in ASU without being issued a CDCR 114-D.

**DISCUSSION:** S was previously housed at PBSP SHU serving a determinate SHU term due to an RVR dated 04/12/07, Battery on a Peace Officer. At the expiration of a 04/12/08 MERD, S was moved to ASU. Committee notes a CSR action dated 03/25/08 referred the case to the CDW. The CSR noted an RVR dated 12/19/07, for Indecent Exposure had not been assessed a SHU term as required per the CSRs. Committee also notes ICC action dated 03/12/08 retained S on Indeterminate status due to S's disciplinary history. **ICC acts to rescind ICC action dated 03/12/08.** C-File reflects S was found guilty of the following: RVR dated 12/19/07, Log #E07-12-0003, CCR #3007, a DIV-D offense, for the specific offense to Indecent Exposure, resulting in 90-days loss of credit. **This offense warrants a SHU term; therefore Committee acts to assess a 6-month concurrent SHU term and refer to CSR for audit and review.** No aggravating factors were noted. The SHU term was not mitigated due to prior disciplinary history. S's WG/PG will be D2/D effective 12/19/07 for period of credit forfeiture per CCR #3045.1, then WG/PG D1/D will be applied. <u>**Suspended MERD for this offense is 05/04/08.**</u>

**STAFF ASSISTANCE:** More than 24 hours prior to Committee, Correctional Officer J. Kay was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

**MENTAL HEALTH REVIEW:** ICC notes CDCR 128-C, dated 04/02/08, noting S is not a participant in the MHSDS level of care.

**DA ACTION:** NA

**CELL STATUS:** S is cleared for double celling.

**YARD STATUS:** GP

**COMMITTEE ACTION: Release to the GP on FAC-B only.** C-File reflects S was found guilty of the following: RVR dated 12/19/07, Log #E07-12-0003, CCR #3007, a DIV-D offense, for the specific offense to Indecent Exposure, resulting in 90-days loss of credit. **This offense warrants a SHU term; therefore Committee acts to assess and suspend a 6-month concurrent midrange SHU term for Indecent Exposure. <u>MERD for this offense is 05/04/08.</u>** No aggravating nor mitigating factors were noted. **Refer to CSR for audit and review.** S's WG/PG will be D2/D effective 12/19/07 for period of credit forfeiture per CCR #3045.1, then WG/PG D1/D will be applied.

Refer for BMU placement, establish CLO-B custody, and WG/PG A2/B, effective 04/13/08, and place on the SS, FS waiting lists.

**INMATE COMMENTS:** NA

**APPEAL RIGHTS:** As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:    M. COOK/CDW(A)                                   RECORDER:      S. O'DELL/CCII

COMMITTEE MEMBERS:    R. BELL/FC                C. GLINES/PHD

DATE:    04/16/2008                 ASU INSTITUTIONAL CLASSIFICATION COMMITTEE           Inst.: PBSP

| NO: P-20045 | Name: BLOODSAW, Theopric | PS: 137 | Level: IV | Custody: CLO B | Housing B8-113 |
|---|---|---|---|---|---|
| Rel Date: EPRD 06/30/2021 | WG/PG: C/C Eff. 05/28/08 | MHS: GP | RGPL: 3.3 | Assignment: VUN | |
| BPH Rev. N/A | Action: REJECT FROM BMU PROGRAM.  DEEM PROGRAM FAILURE.  ESTABLISH WG/PG C/C, STATUS, EFF. 05/28/08. P/O VUN. D/C CLEAR. | | | | |
| Reclass: 06/08 | | | | | |

**BMU Placement Factors:** Inmate Bloodsaw refused to appear and was reviewed in absentia by PBSP FAC-B Behavior Modification Unit (BMU) UCC on this date for Program/Annual Review.  S was initially placed into the BMU program on 04/29/08, based on: **S committed a SHUable offense per the CCR, Title 15, Section, 3341.5.** Committee notes that since S's prior 30 Day Program Review, he has not remained disciplinary free and has not participated in any of the required educational classes of his Individual Treatment Plan (ITP).  UCC notes S received RVR dated 05/15/08, for Recurring Failure to Meet Program Expectations, and 128A dated 05/15/08, for Refusing to Double Cell.  Based on this information, UCC is in mutual agreement that S has not met the requirements of Step # 1, and therefore, is not eligible to graduate to the next 30 day increment of Step # 1, due to S is a Subsequent BMU placement and requires 60 days in each step of his ITP.  UCC further notes that S has failed to successfully progress in the step process of his ITP; therefore, based on this above information, UCC elects to deem S a Program Failure and reject him from the BMU program.  S was informed via the staff assistant, that he must submit a written request after 30 days of being disciplinary free, to the BMU CCI for readmission consideration and shall be reviewed by UCC, per OP # 225.

**Staff Assistance:** Committee notes CDC 128C, dated 03/12/08, noting S is not a participant in the MHSDS.  DDP Review: 128C-2 in Central File, and is clear noting NCF.  Committee notes that S has a RGPL of 3.3.  Prior to Committee, Correctional Officer Thom was assigned as a staff assistant, interviewed S at least 24 hours prior to Committee per the CCR, Section 3315 (d)(2)(A), and was present during Committee.  The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less.  Effective communication was achieved, via the staff assistant, using short sentences and simple English, and S appeared to understand.

**Cell Status:** S states he can be housed with Black ethnic groups.  Committee notes S has no current cellmate.

**Committee Notes:** S is approved for 180' design facilities due to: Code A1 (SHU placement during the past three years).  Current placement score is noted to be 137 Level IV points, based on S received one (1) Rules Violation Report; which increased his score by 4 points during this annual review period.

**Committee Action:** Reject from the BMU Program and deem a Program Failure.  Establish WG/PG, C/C status effective 05/28/08, place on the VUN waiting lists, and continue at CLO B custody level.  S was reviewed and cleared for double-celling, noting no history of in-cell violence

**Appeal rights:** S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071.  PC 2933 and 2930 complied with.  S was advised of Committee's decision and his right to appeal via the staff assistant, at the conclusion of UCC, and appeared to understand.  Next scheduled Annual Review will be in 06/09.

CHAIRPERSON: R. K. BELL/FC.

RECORDER: D. MELTON/CCI

COMMITTEE MEMBERS: M. THORNTON/CCII (A)

| Committee Date: 05/28/08 | Classification: Facility B BMU/UCC | PROGRAM REVIEW | Inst: PBSP |
|---|---|---|---|

NAME and NUMBER    BLOODSAW    F-2    B8-209L    CDC-128-B (Rev. 4/74)

On Tuesday, October 17, 2006, at approximately ___ hours, you were involved in a Battery on an Inmate with Inmate MEREDITH (D-84587, B8-107 L) ___ upper tier shower of B8 "A" Section. You have been deemed the victim of the battery ___ witnessing the incident. You have subsequently been considered a non-confidential ___ of Inmate MEREDITH. This information will be documented on your Non-Confidential CDC Form ___ your Central File.

ORIG: C-FILE
cc  : INMATE
      CCI
      AWC

_____

K. BELL
FACILITY PROGRAM LIEUTENANT

DATE   10/18/2006                    BSP          GENERAL CHRONO

20 50
21 23

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

NAME and NUMBER          BLOODSAW          P-20045          CELL:    B8-209L

On 12-11-06, at approximately 2300 hrs., while I was assigned as B7-8-rover, I was performing the twenty three hundred hour count. When I approached cell 209 in unit B8 I was t able to see inside due to a plastic covering placed on the inside of the door. I informed inmte BLOODSAW (P20045, B8-209L), that he would have to remove a section of the plastic. Inmate BLOODSAW complied with the order and stated that other inmates in the section were throwing water at him through his cell door. I informed sergent Pepiot of inmate BLOODSAW statement and made a notation in the B8-Floor station log book.

E. BONITII
CORRECTIONAL OFFICER
I/W, B7,8-ROVER, RDO'S I'S/II

ORIG: C-FILE
cc : INMATE
     CCI
     AWC

DATE:  12-11-06                                     PBSP                          GENERAL CHRON )

State of California

Department of Corrections and Rehabilitation
CDCR 128B

NAME: BLOODSAW, Theopric    NUMBER: P-20045    HOUSING: B8-131L

*Subject's case has been reviewed by the Behavior Modification Unit (BMU) Staff. Based upon this review the following actions have been taken, and are effective upon this date.

SUBSEQUENT 180 DAYS

BMU PLACEMENT CRITERIA = Strikable Offense

[X] INITIAL PLACEMENT    [ ] RETAIN CURRENT STEP    [ ] RETURN TO PREVIOUS STEP    [ ] GRADUATE TO NEXT STEP
[ ] PLACE BACK TO _____

| [X] STEP #1 | [ ] STEP #2 | [ ] STEP #3 |
|---|---|---|
| *Privilege Group C status | *Privilege Group C status | *Privilege Group B status |
| (Consistent with CCR Section, 3044) | (Consistent with CCR Section, 3044) | (Consistent with CCR Section, 3044) |
| *Emergency telephone calls only | *One telephone call per month | *One telephone call per month |
| *1/4 Canteen draw, $45.00 | *1/4 Canteen draw, $45.00 | *1/2 Canteen draw, $90.00 |
| *Non-contact visits, if eligible | *Non-contact visits, if eligible | *BMU 1/2 Time Position |
| | | *Contact visits, if eligible |

Celling status: [X] Double cell approved  [ ] Single cell only

Ethnicity: [ ] W  [X] B  [ ] Other  [ ] N HISP  [ ] S HISP

Gang affiliation: Crip

Aka: "T", "Theo"

Enemies Reviewed By: D. MELTON, CCI

ENEMY CONCERNS: [ ] NONE  [X] NONE AT PBSP  [ ] NOTED AS FOLLOWS: _____

DISTRIBUTION:
    ORIGINAL: C-File
    CC: AWC File
        Inmate

Dmelton CCI
B Facility, BMU-CCI

DATE: 4/29/08    PBSP BMU PROGRAM STATUS CHRONO

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION
                                                                                                CDCR 128 B

-2B

NAME: _BloodsAW_    NUMBER: _P20045_    HOUSING: _B8-131L_

# *BEHAVIOR MODIFICATION UNIT (BMU) STEP PROCESS / PRIVILEGES AND EXPECTATONS*

**\*STEP #1**: Initial Placement: PG / C status for approximately 60 days (Consistent with CCR, Title 15, Section 3044):

1. For a minimum of 90 days or 180 days, if Subsequent Placement, beginning the date of the Committee action.
2. Authorized emergency telephone calls only.
3. One-quarter monthly canteen allowance; draw not to exceed $45.00.
4. Non-contact visits, if eligible.
5. If the inmate meets the goals of the Individual Treatment Plan (ITP), he will graduate to Step 2.

**\*STEP #2**: Privilege Group C status for approximately 30 days (Consistent with CCR, Title 15, Section 3044):

1. One telephone call per month.
2. One-quarter monthly canteen allowance; draw not to exceed $45.00.
3. Non-contact visits, if eligible.
4. If the inmate meets the goals of the ITP, he will graduate to Step 3.

**\*STEP #3**: Privilege Group B status for approximately 30 days (Consistent with CCR, Title 15, Section 3044):

1. Inmate is eligible for a job within the BMU only.  As enough jobs can be provided and encouraged success, these porter and barber jobs may be designated half-time positions.
2. One telephone call per month.
3. One-half monthly canteen allowance; draw not to exceed $90.00.
4. Contact visits, if eligible.
5. If the inmate meets the goals of the ITP, he will graduate to Step 4, and be released to the General Population.

**\*STEP #4**: Upon completion of the Individual Treatment Plan (ITP), inmates will be returned to traditional General Population (GP) housing, upon bed availability.

Graduation to succeeding ITP Steps is entirely based upon the inmate's positive performance.  Specifically:  The inmate must remain disciplinary free, (including any 128 A Counseling Chrono's), maintain grooming standards, and participate to the best of his ability in the programs assigned to him in his Individual Treatment Plan (ITP).  The above mentioned Step increases shall be documented on a CDCR, Form 128-B Informational Chrono by the appropriate BMU staff, only if said action is non-adverse, per Operational Procedure #225.

## D. MELTON, CCI
Behavior Modification Unit Counselor

cc:    C-File
          CC-I
          Inmate

| *I acknowledge receipt of the Step Process, Privilege Restrictions, and Graduation Requirements: | (A) Refused to attend    4/29/08 |
|---|---|
| | Inmate's Signature                    Date |

*BMU                                  INFORMATIONAL CHRONO                                  PBSP

NAME: Bloodsaw    NUMBER: P20045    HOUSING: B8-131L

**\*BEHAVIOR MODIFICATION UNIT (BMU) STEP PROCESS / PRIVELEGES AND EXPECTATONS:\***

**\*STEP #1:** Initial Placement:Work Group/Privilege Group C/C status for  approximately 30days:
1.  Authorized emergency telephone calls only.
2.  One-quarter monthly canteen draw allowance, not to exceed $45.00.
3.  A minimum of ten hours of out-of-cell time per week, which includes dayroom, workshops, and self-help group activities, as limited by physical design and local institution security and facility needs.
4.  Out-of-cell time limited to contact with BMU inmates only.
5.  Non-contact visits, if eligible.
6.  If the inmate meets the goals of the Individual Treatment Plan (ITP), he will graduate to Step 2.

**\*STEP #2:** Work Group / Privilege Group C/C status / for approximately 30 days:
1.  One telephone call per month.
2.  One-half monthly canteen draw allowance, not to exceed $90.00.
3.  A minimum or ten hours out-of-cell time per week, which includes dayroom workshops, and self-help group activities, as limited by physical design and local institution security and facility needs.
4.  Non-contact visits, if eligible.
5.  If the inmate meets the goals of the ITP, he will graduate to Step 3.

**\*STEP #3:** Work Group / Privilege Group B/B status /for  approximately 30 days:
1.  Inmate is eligible for a job within the BMU only.  As enough jobs can be provided and encouraged success, these porter and barber jobs may be designated half-time positions
2.  One telephone call per month
3.  One-half monthly canteen draw allowance, not to exceed $90.00.
4.  A minimum of ten hours out-of-cell time per week, which includes **yard**, dayroom, workshops, and self-help group activities, as limited by local institution security and facility needs.
5.  Contact visits, if eligible.
6.  If the inmate meets the goals of the ITP, he will graduate to Step 4.

**\*STEP #4:** Upon completion of the Individual Treatment Plan (ITP), inmates will be re-housed into alternate General Population (GP) housing, upon bed availability.

Graduation to succeeding steps is entirely based upon the inmate's positive performance.   Specifically:   The inmate must remain disciplinary free, (including any 128 A Counseling Chronos), maintain grooming standards, and participate to the best of the inmates ability in the programs assigned to him in his Individual Treatment Plan (ITP).

Reference:  Operational Procedure #225/BMU

**D. MELTON, CCI**
Behavior Modification Unit Committee Member

cc.    CC-1
       C-File
       Inmate

| \*I acknowledge receipt of the Step Process, Privilege Restrictions and Graduation Requirements: | I/m copy | 4/29/08 |
|---|---|---|
| | Inmate's Signature | Date |

EXHIBIT

D

**DEPUTY DAILY WORKSHEET**    11/28/02 0111

STATION: LNX

UNIT: 31A    SHIFT: D  DATE: 11/08/02    0600 - 1400    CLASS: 2    TYPE: P

\# 470671 SATO BRADLEY J                    O/T:        O/T PA:
\# 260296 HOODYE SEAN C                     O/T:
VEH: SD2337    MILES: ( 39824 -> 39845 ) :   21    MOBILE: 15793
SPEC EQP: SG 9 TAZER 4

PORTABLES: 18472                    18473

ARRESTS /FEL-MA:    FA:      MJ:      FJ:      CITS/HZ:      NHZ:      PKG:
        /MSD-MA:    FA:      MJ:      FJ:

PATROL AREA/TIME: 06/252

TIME-SHIFT: 480    TT:9    HDL:209    WRT:0      PTL:252    UNALLOC:10    RPTS:

INCIDENT ASSIGNMENTS:

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0037 | 924B | 0543 |     | 0600? | 0600? | 0700? | 0370 |   | O | R |    | 60  |     |     |

LOC: VEH PREP/BRIEF
CLR: 754  STATION SERVICE: Briefing

| 0056 | 931 | 0715 | 0718 | 0745 | 0745 | 0747 | 0371 |   | C | P |   | 2 |   |   |

LOC: 1358 97TH ST,LA
CLR: 772  Assist CHP
NARR:CHP ON SCENE CODE 4

| 0067 | 927H | 0817 | 0817 | 0821 | 0823 | 0831 | 0373 | 9 | P |   | 2 | 8 |   |   |

LOC: 10910 WILTON PL,LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR:CONT WANDA FB/A RE: 927H ...NO 927H C-4..

| 0068 | 902R | 0849 | 0849 | 0849 | 0856 | 0915? | 0373 | 9 | E |   | 7 | 19 |   |   |

LOC: 2041 CULLIVAN ST,LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR:CONT VERCIL FB/A RE: JAMES MARTIN NOT BREATHING. STA 14 ARRVD @TREATED JAMES PRNCD DEAD
     AT 0833HRS JAMES SUFFRED FRM CHRONIC EMPHASYMA.

| 0126 | 925 | 1157 |   | 1150? | 1200? | 1400? | 0372 |   | O | R |   | 120 |   |   |

LOC: CENTURYBL/LA SALLE AV,LA
CLR: 283  WARRANTS: Felony, In County
NARR:CONT THEO MB/A WAS COMBATIVE AGAINST US.CENTURY @ LASALLE STA 814 ARRVD TREATED THEO WE
     WENT TO CENTINELA HOSP FOR INJURIES...

CERTIFIED A TRUE AND CORRECT COPY
OF ORIGINAL MAINTAINED WITHIN FILES
OF THE LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT - LENNOX STATION 11/28/02

TITLE · NAME          EMPLOYEE NUMBER

14# 55.
2

Report Date: 11/28/02                 UNIT HISTORY REPORT                 Page 1 of 2
                                           LENNOX

Unit: 31A          Shift: 2       Shift Date: 11/08/02
/0542* LOGON () ,X,,31A,D,110802,Y,2,0600,1400,470671,,,260296,,,39824,,SD2337,SG 9 TAZER
4,15793,18472,18473,,,,,,,,,,,,,,,, <000>
/0542* MDTON (470671) MDT01639 <000>
/0543* ** ASSIGN/D (470671) LNX02312-0037 R/924B VEH PREP/BRIEF <000>
/0543* 10/97 (470671) LNX02312-0037 <000>
/0711* 10/98 (470671) LNX02312-0037 <000>
/0711* CLEAR (470671) ,LNX02312-
0037,,754,,,,,,,,,,0370,,,0600,0600,0700,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0715 ** ASSIGN/D (475469) LNX02312-0056 R/931 1358 97TH ST,LA
/0718* ACK (470671) LNX02312-0056 <000>
/0745* ENR (470671) LNX02312-0056 <000>
/0745* 10/97 (470671) LNX02312-0056 <000>
/0747* 10/98 (470671) LNX02312-0056 <000>
/0748* CLEAR (470671) ,LNX02312-0056,,772,,,,,,CHP ON SCENE CODE
4,,,,0371,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0759* INQ (470671) VEH,2EPW323,CA,,,,,,,,, <000>
/0759* INQ (470671) VEH,2EPW323,CA,,,,,,,, <000>
/0800* INQ (470671) WANT9,,CA,HAVEN,DENNIS,,,,,,M,B,,,,,042371,,,,,,,,,,, <000>
/0800 HIT () IW S 470671 MDT0 ,CA0190099 ,HAVEN DENNIS , M B ,000 000 042371 000 CA ,
00000000 00000000 ,H 001 F 000 M 001 O 000 00 , N HAVEN DENNIS VANBURE ,M B 122371 600
240 BLK BRO ,LAM4 090502 $1174 ,1611 N SCHAR ST HOLLYWOOD CA ,617471219420 RSTR A3887553
CA ,W M 40508A/VC M ,4000A1X/VC I * ,4RWL898 CA  ,
/0802 ACK (297076) HIT
/0813* INQ (470671) WANT9,,CA,BERRY,MARCUS,ANTJUAN,,,,,,M,B,,,,,033181,,,,,,,,,, <000>
/0813 HIT () MKE/WANTED PERSON NAM/BERRY,RANDELL LARRY SEX/M RAC/B DOB/19820331 WGT/150
EYE/BRO HAI/BLK OLN/B600730488254 OLS/MI  OFF/DANGEROUS DRUGS
/0813 ACK (195863) HIT
/0815 INQ (195863) VEH,31A,,,,,,CA,,1FALP45XXTF145561,,,,,,,,,,,,X
/0815 ACK (195863) RESP
/0816 ACK (195863) RESP
/0817 ** ASSIGN/B (475469) LNX02312-0067 P/927H 10910 WILTON PL,LA
/0817* ACK (470671) LNX02312-0067 <000>
/0821* ENR (470671) LNX02312-0067 <000>
/0823* 10/97 (470671) LNX02312-0067 <000>
/0831* 10/98 (470671) LNX02312-0067 <000>
/0842* INQ (470671) VEH,,CA,,,,,1FMZU32EXWZA29284,,,,X <000>
/0849 ** ASSIST/B (475469) LNX02312-0068 E/902R 2041 CULLIVAN ST,LA
/0849 CHGHDL (475469) LNX02312-0068,31D/D->31A/D
/0849 ACK (409547) LNX02312-0068
/0849* ENR (470671) LNX02312-0068 <000>
/0856* 10/97 (470671) LNX02312-0068 <000>
/0923* INQ (470671) VEH,2HMB760,CA,,,,,,,, <000>
/0927* INQ (470671) WANT9,,CA,BLOGSHAW,FLOYD,LEE,,,,,,M,B,,,,,062458,,,,,,,,,, <000>
/0928* INQ (470671) WANT9,,CA,BLOODSHAW,FLOYD,LEE,,,,,M,B,,,,,062458,,,,,,,,,, <000>
/0929 HIT () MKE/WANTED PERSON - CAUTION NAM/BLOODSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA
DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
/0929 ACK (277125) HIT
/1024* INQ (470671) WANT9,,CA,BLOODSHAW,THEOPRIC,,,,,,M,B,,,,,062457,,,,,,,,,, <000>
/1024 HIT () IW S 470671 MDT0 ,CA0190099 ,BLOODSHAW THEOPRIC , M B ,000 000 062457
000 CA , 00000000 00000000 ,H 001 F 000 M 001 O 000 00 , N BLEDSOE WILLIAM T JR ,M X

#7
#56
Report Date: 11/28/02

UNIT HISTORY REPORT

Page 2 of 2

LENNOX

Unit: 31A        Shift: 2        Shift Date: 11/08/02

010454 511 195 BRO BRO ,COM4 082602 $277 ,2358 R 21ST ST SGH CA  ,SD10539619800 RSTR

B0306426 CA ,W M 8537/PC M ,640B1/PC M  ,PED CA  ,  ,

/1024  HIT () SEARCH REVEALS: HIT MADE ON NAM/BLOODSHAW,THEOPRIC KENT ** ARMED AND

DANGEROUS ** **ARMED AND DANGEROUS** FELONY WARRANT 5011 PAROLE VIOL

NAM/BLOODSHAW,THEOPRIC KENT 19570624 M B 506 150 BLK BRO POB/LA BAIL/NO BAIL

FCN/7040224901563 NIC/W883192088 ENTERED/CALIF-NCIC CII/A08953256 FBI/496721PA9

                                IMMEDIATELY CONFIRM WITH CA034035G DEPT OF CORR-

ID/WARRANTS MNE/CRN0   TELEPHONE 916 445-6713    CHECKING NCIC   INQUIRY MADE TO

RESTRAINING ORDER SYSTEM

/1024  HIT () HIT MADE ON NAM/BLOODSHAW,THEOPRIC K HIT # 001 DO NOT ARREST OR DETAIN BASED

     SOLELY ON THIS RESPONSE CDC PAROLE RECORD NAM/BLOODSHAW,THEOPRIC K 19580624 M B 506 150

BRO BLK   OLN/N9672705 HOME CITY/LOS ANGELES PRIMARY OFFENSE/H11350A DISCHARGE

DATE/99999999 AGENCY/CA DEPT OF CORRECTIONS MISC/PRIOR TO RELEASE, CONTACT AGEN T OR ID

WARRANTS AT (916)445-6713 P OSSIBLY AT LARGE MAY BE ADDITIONAL INFO FROM DOJ VCIN AT 916

227-4736 NUMBER OF PRIOR CONTACT MSGS/ 0 SEND CONTACT MESSAGE IDENTIFYING CO

/1024  HIT () MKE/WANTED PERSON - CAUTION NAM/BL00DSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA

DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS

/1025  ACK (277125) HIT

/1025  ACK (277125) HIT

/1025  ACK (277125) HIT

/1156* URN REQUEST (470671) X,4,0399,053,CR,S,BLOODSHAW,THEOPRIC,KENT,,M,B,,, <000>

/1157  URN () 402-11595-0399-053

/1157* ** ASSIGN/D (470671) LNX02312-0126 R/925 CENTURYBL/LA SALLE AV,LA <000>

/1157* HOLD (470671) LNX02312-0068 <000>

/1157* 10/97 (470671) LNX02312-0126 <000>

/1157* 10/15 (470671) <000>

/1433* 10/98 (470671) LNX02312-0068 <000>

/1433* CLEAR (470671) ,LNX02312-0068,,212,,,,,,CONT VERCIL FB/A RE: JAMES M,ARTIN NOT

BREATHING. STA 14 ARRV,D @TREATED JAMES PRNCD DEAD AT 0,833HRS JAMES SUFFRED FRM

CHRONIC,EMPHASYMA.,0373,,,,,0915,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/1435* CLEAR (470671) ,LNX02312-0067,,212,,,,,,CONT WANDA FB/A RE: 927H ...,NO 927H C-

4.,,,,0373,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/1440* 10/98 (470671) LNX02312-0126 <000>

/1440* CLEAR (470671) ,LNX02312-0126,,283,,,,,,CONT THEO MB/A WAS COMBATIVE,AGAINST

US.CENTURY @ LASALLE ST,A 814 ARRVD TREATED THEO WE WENT,TO CENTINELA HOSP FOR

INJURIES.,,,,0372,00,,1150,1200,1400,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/1442* CHGENDMILES (470671) 000000 -> 39845 <000>

/1442* CHGPATROL (470671) /000 -> 06/252 <000>

/1442* LOGOFF (470671) <000>

/1442* MDTOFF (470671) <000>

#71
#6

57

*Discovery 2*

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW, was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of Penal Code Section 667(a)(1).

It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

\* \* \* \* \*



I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER YA053506, CONSISTS OF 3 COUNT(S).


Executed at INGLEWOOD, County of Los Angeles, on November 13, 2002.


_____

DECLARANT AND COMPLAINANT


................................................................................................................................................

STEVE COOLEY, DISTRICT ATTORNEY

BY: _____
VICTORIA L. ADAMS, DEPUTY


AGENCY: LASD - LENNOX PATROL          I/O: MARK DET. RENFROW          ID NO.: 274578    PHONE : 310-671-7531

DR NO.: 402-11595-0399-053          OPERATOR: DCS          PRELIM. TIME EST.: 2 HOUR(S)


| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE |
|---|---|---|---|---|---|
| BLOODSAW, THEOPRIC KENT | 008953256 | 6/24/1957 | 7475221 | $220,000 | 11/13/2002 |


Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

**FELONY COMPLAINT – ORDER HOLDING TO ANSWER – P.C. SECTION 872**

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

*(Strike out or add as applicable)*

THEOPRIC KENT BLOODSAW

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|-----------|--------|--------------|--------------------|---------------|
| 1 | PC 245(c) | 3-4-5 | | |
| 2 | PC 243(c)(2) | 16-2-3 | | |
| 3 | PC 422 | 16-2-3 | | |
| | | | PC 1170.12(a)-(d) | MSP Check Code |
| | | | PC 667(a)(1) | +5 yrs per prior |
| | | | PC 667.5(b) | +1 yr. per prior |

I order that the defendant(s) be held to answer therefor and be admitted to bail in the sum of:

THEOPRIC KENT BLOODSAW        _____ Dollars

and be committed to the custody of the Sheriff of Los Angeles County until such bail is given. Date of arraignment in Superior Court will be:

THEOPRIC KENT BLOODSAW        _____ in Dept _____

at: _____ A.M.

Date: _____        _____

*Committing Magistrate*



SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v.

01  THEOPRIC KENT BLOODSAW  (6/24/1952) (Bk#
7475221),

    aka  JONATHON BLEDSOE,
    aka  KENT THEOPRIC,
    aka  LARRY BOWMAN,
    aka  MARK BLOODSAW,
    aka  THEO BLOODSAW,
    aka  THEOPRIC BLOODSHAW,
    aka  THEOPRIC BLOODSOE

Defendant(s).

CASE NO. YA053506

*I N F O R M A T I O N*

Arraignment Hearing
Date: 12/18/2002
Department: SW G

## INFORMATION
## SUMMARY

| Ct. No. | Charge | Charge Range | Defendant | Special Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | PC 245(c) | 3-4-5 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d)<br>PC 667(a)(1)<br>PC 667.5(b) | MSP Check Code<br>+5 yrs per prior<br>+1 yr. per prior |
| 2 | PC 243(c)(2) | 16-2-3 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d)<br>PC 667(a)(1)<br>PC 667.5(b) | MSP Check Code<br>+5 yrs per prior<br>+1 yr. per prior |
| 3 | PC 422 | 16-2-3 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d)<br>PC 667.5(b) | MSP Check Code<br>+1 yr. per prior |

The District Attorney of the County of Los Angeles, by this Information alleges that:

COUNT 1

On or about November 8, 2002, in the County of Los Angeles, the crime of ASSAULT UPON
PEACE OFFICER OR FIREFIGHTER, in violation of PENAL CODE SECTION 245(c), a Felony, was
committed by THEOPRIC KENT BLOODSAW, who did willfully and unlawfully commit an assault with
a deadly weapon and instrument and by force likely to produce great bodily injury upon the person of
DEP. SEAN HOODYE when said defendant(s), THEOPRIC KENT BLOODSAW knew and should have
known that said person was a peace officer then and there engaged in the performance of his/her duties .
"NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."
"NOTICE:  Conviction of this offense will require you to provide specimens and samples pursuant to Penal
Code section 296. Willful refusal to provide the specimens and samples is a crime."

* * * * *

COUNT 2

On or about November 8, 2002, in the County of Los Angeles, the crime of BATTERY WITH
INJURY ON A PEACE OFFICER, in violation of PENAL CODE SECTION 243(c)(2), a Felony, was
committed by THEOPRIC KENT BLOODSAW, who did unlawfully use force and violence and inflict an
injury upon the person of DEP. BRAD SATO when said defendant(s), THEOPRIC KENT BLOODSAW
knew and reasonably should have known that said person was a peace officer then and there engaged in
the performance of duty.
"NOTICE:  Conviction of this offense will require you to provide specimens and samples pursuant to Penal
Code section 296. Willful refusal to provide the specimens and samples is a crime."

* * * * *

COUNT 3

On or about November 8, 2002, in the County of Los Angeles, the crime of CRIMINAL THREATS,
in violation of PENAL CODE SECTION 422, a Felony, was committed by THEOPRIC KENT
BLOODSAW, who did willfully and unlawfully threaten to commit a crime which would result in death
and great bodily injury to DEP. SEAN HOODYE, with the specific intent that the statement be taken as a
threat.    It is further alleged that the threatened crime, on its face and under the circumstances in which it
was made, was so unequivocal, unconditional, immediate and specific as to convey to DEP. SEAN
HOODYE a gravity of purpose and an immediate prospect of execution.    It is further alleged that the said
DEP. SEAN HOODYE was reasonably in sustained fear of his/her safety and the safety of his/her
immediate family.

"NOTICE: The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

It is further alleged pursuant to Penal Code sections 1170.12(a) through (d) and 667(b) through (i) as
to count(s) 1, 2, and 3 that said defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following
prior conviction of a serious or violent felony or juvenile adjudication:

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW,
was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of
CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE
BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of
Penal Code Section 667(a)(1).

It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the
defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

\* \* \* \* \*

THIS INFORMATION CONSISTS OF 3 COUNT(S).

STEVE COOLEY
DISTRICT ATTORNEY
County of Los Angeles,
State of California

BY: _____

LAURIE BLAUSTEIN
DEPUTY DISTRICT ATTORNEY          Filed in Superior Court,
                                 County of Los Angeles

/DCS                             DATED: _____

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

LEGAL STATUS SUMMARY  TYPE-  D    PSP      ** DISCREPANT **03/23/2005 21:40

| CDC NUMBER | NAME | ETHNIC | BIRTHDATE |
|---|---|---|---|
| P20045 | BLOODSAW,THEOPRIC,KENT | BLA | 06/24/1958 |

| TERM STARTS | MAX REL DATE | MIN REL DATE | MAX ADJ REL DT | MIN ADJ REL DT |
|---|---|---|---|---|
| 06/11/2003 | 11/27/2023 | 11/24/2019 | 11/27/2023 CR | 11/24/2019 CR |

BASE TERM 10/00 + ENHCMNTS  11/04 = TOT TERM  21/04     PAROLE PERIOD
                                                         3 YRS

PRE-PRISON + POST SENTENCE CREDITS
CASE    P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019  P2931 POST-SENT  TOT

YA053506    185                                    92           28    305

REGISTRATION REQUIRED PER H11590
PC296 DNA COMPLETED

| RECV DT/ COUNTY/ | CASE | SENTENCE DATE | CREDIT | OFFENSE |
|---|---|---|---|---|
| CNT | OFF-CODE | DESCRIPTION | CODE | DATE |

CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
6/11/2003  LA    YA053506    5/13/2003   NO STRIKES: 2
             01 P667.5(B) PPT-NV                        3
             01 P667(A)    01 PFC SERIOUS               3
  01 P245(C)    ADW ON PO OR FIREMAN                    3    11/08/2002
               (U)WPN
  02 P243(C)(2) BATT ON PO                    CS        3    11/08/2002
               (U)WPN
  03 P422       TERRORIST THREAT              CS        3    11/08/2002
  04 P203       MAYHEM                        CS        3    11/08/2002
               ATT
  05 P203       MAYHEM                        CS        3    11/08/2002
               ATT

NON-CONTROLLING OFFENSES:
11/24/1998  LA    YA034031    11/16/1998
  01 H11350A    POSS CONTROL/SUB                        1    08/15/1997
               PR

| TRAN | | | | RULE | D A Y S | | | |
|---|---|---|---|---|---|---|---|---|
| TYPE | DATE | END DATE | LOG NUMBER | NUMBER | ASSESS | LOST | REST | DEAD |

BEG 11/24/1998          ******BEG BAL*******
ADD 06/11/2003          YA053506
BCL 10/23/2003          IV3100472 3062(H)      30   30
ADD 06/11/2003          YA053506
   CURRENT PC BALANCE:     0          CURRENT BC BALANCE:   1464

      ****** CONTINUED ******

LEGAL STATUS SUMMARY --CONTINUATION--     PAGE     2

----------------------------------------------------------------------

| CDC NUMBER | NAME |
|---|---|
| P20045 | BLOODSAW,THEOPRIC,KENT |

----------------------------------------------------------------------

----------------------------------------------------------------------

INMATE'S COPY

66

157 53



JOHN A. CLARKE
EXECUTIVE OFFICER / CLERK

222 NORTH HILL STREET
LOS ANGELES, CA 90012-3014

# *Superior Court of California*
## *County of Los Angeles*

November 29, 2004

CASE NUMBER: YA053506               CASE NAME:

We are returning your check in the amount of $          for the reason checked below:

☐   Remittance insufficient.  A total of $          is needed to process your order.

☐   Check unsigned.

☐   Check is not acceptable.  Please return NEW CHECK, MONEY ORDER or CERTIFIED CHECK.  If outside of the United States, amount must be remitted in United States currency.  Please make check payable to the LOS ANGELES SUPERIOR COURT.

☐   Information given to us is not sufficient.  Information needed: FULL NAME OF PARTY INVOLVED, APPROXIMATE YEAR ACTION WAS FILED AND THE CASE NUMBER IF AVAILABLE.

☐   As of this date, there is no record of the interlocutory, Judgment and /or Final Judgment.

☐   Document that you have requested has not been filed as of this date and office policy does not permit us to hold your check any longer.

☐   We are unable to ascertain just what documents you need from the information given.

☐   The fee for copies is 0.57 cents per page (Section 26854 Government Code).

☐   The fee for Certification of Divorce Judgment is $11.00 per document.

☐   The fee for Certification is $6.60 per document, in addition to any other fees.  Exemplification fee $20.00 in addition to any other fees.

☐   The fee for Case Number Search is $5.00 per name per case (Section 26854 Government Code).

☐   In the future, we will not honor requests for information unless they are accompany by a STAMPED, SELF ADDRESSED ENVELOPE for your reply.

☐   The fee for examining a file or microfilm record and making a written report is $7.00 for the first hour or fraction thereof, and $5.00 each subsequent hour (Section 131.1 @Admin. Code. Los Angeles County.

☐   The fee for a Clerk's Certificate is $6.00 in addition to any other fee.  (Section 131.1 Admin. Code, Los Angeles County.

☒   Other:  FOR COPIES MAIL REQUEST TO TORRANCE COURTHOUSE 825 MAPLE AVENUE TORRANCE, CA. 90503  ROOM-100

JOHN A. CLARKE
Executive officer/clerk of the Los Angeles Superior Court
County of Los Angeles

BY: _____  DEPUTY
                    N. SNEDECOR

CHASER Pre Extracted Civil Docket as of February 27, 2003 9:25 pm
TERMED TRANSF

# U.S. District Court

| * Parties * | * Attorneys * |
|---|---|
| U.S. District for the Northern D<br>CIVIL DOCKET FOR C | strict of California (San Jose)<br>SE #: 00-CV-20505 |
| Bloodsaw v. Woodford Filed: 04/24/00<br>Assigned to: Judge Jeremy Fogel<br>Demand: $0,000 Nature of Suit: 530<br>Lead Docket: None Jurisdiction: Federal Question<br>Dkt# in other court: None | |
| Cause: 28:2254 Petition for Writ | of Habeas Corpus (State) |
| THEOPRIC KENT BLOODSAW<br>Plaintiff | Theopric Kent Bloodsaw<br>[COR LD NTC] [PRO SE]<br>Booking No. 7475221<br>BKS No. F1,7000 Dorm C-7196<br>441 Bauchet Street<br>Los Angeles, CA 90012 |
| v. | |
| J.S. WOODFORD, Warden<br>defendant | |

## Docket Proceedings

| Date | Doc # | Docket Entry |
|---|---|---|
| 04/24/00 | 1 | PETITION FOR WRIT OF HABEAS CORPUS (no process) Fee status ifpp entered on 4/24/00 () ; [3:00-cv-01398] (ga) [Entry date 04/28/00] |
| 04/24/00 | 1 | IN FORMA PAUPERIS AFFIDAVIT by Plaintiff Theopric Kent Bloodsaw for leave to proceed in forma pauperis [3:00-cv-01398] (ga) [Entry date 04/28/00] |
| 05/02/00 | 2 | DECLINATION to proceed before magistrate by Plaintiff Theopric Kent Bloodsaw [3:00-cv-01398] (ga) [Entry date 05/04/00] |
| 05/03/00 | 3 | ORDER by Mag. Judge Maria-Elena James of impending reassignment to a United States District Judge () (cc: all counsel) [3:00-cv-01398] (ga) [Entry date 05/05/00] |
| 05/10/00 | 4 | ORDER by Assignment Committee Case reassigned to Judge Jeremy Fogel referred to Judge Jeremy Fogel the affidavit motion for leave to proceed in forma pauperis [1-1] () (cc: all counsel) [3:00-cv-01398] (ga) |
| | | |

| 05/18/00 | 5 | ORDER by Judge Jeremy Fogel to transfer case to Dist of: Central District of California ; appeal filing ddl 6/26/00 ( Date Entered: 5/25/00) (cc: all counsel) [5:00-cv-20505] (gm) [Entry date 05/25/00] |
| 06/09/00 | 6 | RECEIPT from Central District of California [5:00-cv-20505] (gm) [Entry date 06/13/00] |
| 06/20/00 | 7 | LETTER from Theopric Kent Bloodsaw [5:00-cv-20505] (gm) [Entry date 06/22/00] |
| 02/27/03 | 8 | LETTER from Theopric Kent Bloodsaw [5:00-cv-20505] (gm) |

[END OF DOCKET: 5:00cv20505]

# HABEAS, CLOSED, TRANSF

## U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:04-cv-00752-JF
### Internal Use Only

Bloodsaw v. Woodford et al
Assigned to: Hon. Jeremy Fogel
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 02/23/04
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

Theopric K. Bloodsaw                    represented by    **Theopric K. Bloodsaw**
P20045
D4-CELL 106
California State - LAC
44750 60th St. West
Lancaster, CA 93536-7619
PRO SE

V.

**Defendant**

J. S. Woodford

N. Grannis

56  57
70

CAND-ECF - Docket Report    https://ecf.cand.circ9.dcn/cgi-bin/DktRpt.pl?7499790765580086-L_795

| Filing Date | # | Docket Text |
|---|---|---|
| 02/23/2004 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ IFPP) Filed by Theopric K. Bloodsaw. (lrd, COURT STAFF) (Filed on 2/23/2004) (Entered: 02/27/2004) |
| 02/23/2004 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Theopric K. Bloodsaw. (gm, COURT STAFF) (Filed on 2/23/2004) (Entered: 03/02/2004) |
| 02/23/2004 | 3 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (gm, COURT STAFF) (Filed on 2/23/2004) (Entered: 03/02/2004) |
| 03/04/2004 | 4 | ORDER TRANSFERRING CASE to Central District of California. Signed by Judge Jeremy Fogel on 3/4/2004. (gm, COURT STAFF) (Filed on 3/4/2004) (Entered: 03/05/2004) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Filed

MAR - 4 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

4

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THEOPRIC K. BLOODSAW,                    )        No. C 04-0752 JF (PR)
                Plaintiff,               )
                                         )        ORDER OF TRANSFER
        vs.                              )
                                         )
J.S. WOODFORD, et al.,                   )
                                         )
                Defendants.              )
_____)        (Doc # 2)

    This is a civil rights case brought pro se by a state prisoner. Plaintiff is currently
incarcerated at California State Prison - Los Angeles County located in Lancaster,
California. Plaintiff claims he is incarcerated illegally by the California Department of
Corrections. Plaintiff was convicted in Los Angeles County in 1997. The Court
construes Plaintiff's complaint as a petition for a writ of habeas corpus, challenging the
legality of his conviction and sentence. Therefore, the instant case will be transferred to
the Central District of California, the location of Plaintiff's conviction and his
confinement. This case is therefore TRANSFERRED to the United States District Court
for the Central District of California. See 28 U.S.C. § 1404(a); Habeas L.R. 2254-3(b).

1  In view of the transfer, the Court will not rule on Plaintiff pending motion for leave to
2  proceed in forma pauperis (doc # 2).  The Clerk shall terminate all pending motions and
3  transfer the entire file to the Central District of California.

4      IT IS SO ORDERED.

5  DATED: _____

6      JEREMY FOGEL
        United States District Judge

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   This is to certify that on _____3-4-04_____, a copy of this ruling
    was mailed to the following:

2

3   Theopric K. Bloodsaw
    P-20045
4   CSP - Los Angeles
    44570 60th
5   Street West
    Lancaster, CA  93536-7619
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28







**California State Prison Corcoran**

## RADIOLOGY REPORT

NAME: BLOODSAW, Theopric _____  NUMBER: E-40947 _____  DATE: 12/17/92 _____

DOCTOR: Hoffman _____  HOUSING: 4B _____

SKULL SERIES, C-SPINE.

HISTORY: Blow to head 1977. Dizziness daily since.

SKULL SERIES.
I see no fracture, sinuses clear.

IMPRESSION: Unremarkable skull series.

CERVICAL SPINE.

Films continue to show loss of normal cervical lordosis. There is narrowing of the C-5/6 disc with some straightening of curvature at this level, no change since previous, no fractures or destructive processes seen.

IMPRESSION: Abnormal C-5/6 interspace. No other significant findings identified.

_____
Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 12/22/92 ls/JG
Original: Medical Chart
          cc: X-Ray Jacket



## California State Prison Corcoran
# RADIOLOGY REPORT

NAME:BLOODSAW, Theopric          NUMBER:E-40947      DATE: 10/20/92

DOCTOR: Brown                    HOUSING: 4B

CERVICAL SPINE FILM SERIES WITH OBLIQUES.

Radiographic examination of the cervical spine was obtained. There is either a superimposed position artifact or non-displaced fracture at the _lateral_ left lateral corner of C-1. It is visible on the frontal projection. Further evaluation by obtaining follow-up radiographic examination may be of value. Otherwise there is no evidence of acute fracture or dislocation. Vertebral body statures are well maintained. Narrowing of C-5/C-6 intervertebral disc space with osteophytes is appreciated. This is consistent with degenerative disc disease. Neural canal are patent. Prevertebral soft tissue structures appear unremarkable. Mild reversal of cervical curvature is noted. This may be secondary to positioning or muscle spasms.

IMPRESSION: (1) Reversal of cervical curvature. (2) Degenerative disc disease. (3) Fractures verses superimposed position artifact of C-1 as described. _Follow up Lateral + open mouth view Rx._

Mario Deguchi, M.D./Jay Grauman,M.D.

Dictated: 10/22/92 ls/MD
Original: Medical Chart
        cc: X-Ray Jacket



## X-RAY REPORT



NAME:                    CDC #:        CELL:        DOB:        DATE:
BLOODSAW, THEOPRIC       P-20045       D4/025U      06/24/58    02/26/99

EXAM REQUESTED:
PA AND LATERAL CHEST

CLINICAL DATA:
OLD GSW, LEFT THORAX

REFERRING PHYSICIAN:
D. GINES, M.D.

RADIOGRAPHIC REPORT:

CHEST:  PA AND LATERAL VIEWS OF THE CHEST ARE OBTAINED ON 02/26/99.

MULTIPLE METALLIC FRAGMENTS ARE NOTED OVERLYING AND WITHIN THE UPPER LEFT
HEMITHORAX, CONSISTENT WITH A PREVIOUS GUNSHOT INJURY.  BOTH LUNGS ARE
WELL EXPANDED AND CLEAR.  THERE IS NO EVIDENCE OF ANY ACTIVE PULMONARY
PATHOLOGY.  THE HEART IS NORMAL IN SIZE AND CONTOUR.  THERE IS NO
MEDIASTINAL ADENOPATHY.

IMPRESSION:

THERE IS EVIDENCE OF A PREVIOUS OLD GUNSHOT INJURY INVOLVING THE LEFT
UPPER HEMITHORAX.  NO ACTIVE CARDIOPULMONARY PATHOLOGY IS SEEN.  THERE
ARE NO PREVIOUS FILMS AVAILABLE FOR COMPARISON.

03/02/99                  NELSON PARKER, M.D.                   NHP/gj
DATE READ                   RADIOLOGIST           DATE TYPED:  04/07/99




8/17
Flu

# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A4-226  DOB: 06/25/58  DATE: 07/23/04

EXAM REQUESTED:            CERVICAL SPINE

REQUESTING M.D.:           J. LAZORE, F.N.P.

CLINICAL DATA:             HISTORY OF PAIN.

RADIOGRAPHIC REPORT:       CERVICAL SPINE

FINDINGS:                  There is mild a reversal of the normal cervical lordosis.

Moderate degenerative disc disease is noted at the C5-6 and C6-C7 levels manifest by disc space narrowing and marginal osteophyte formation.

IMPRESSION:                MODERATE DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7.

ORIGINAL

07/28/04                   CURTIS COULAM, M.D.                DLK




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:          CERVICAL SPINE

REQUESTING M.D.:         J. LAZORE, F.N.P.

CLINICAL DATA:           NO HISTORY GIVEN

RADIOGRAPHIC REPORT:     CERVICAL SPINE

FINDINGS:                Comparison to a previous study dated 7/23/04.

On the current study the soft tissues are unremarkable.

There is a mild reversal of the cervical lordosis centered at C5-6. There is mild anterior subluxation of C4 with respect to C5 which was not present on the previous study.

Degenerative discs at C5-6 and C6-7 again noted and show little change compared to the previous study.

IMPRESSION:              1.    REDEMONSTRATION OF DEGENERATIVE DISC
DISEASE AT C5-6 AND C6-7 WHICH APPEAR STABLE.
2.    THERE IS MILD ANTERIOR SUBLUXATION OF C4
WITH RESPECT TO C5 OF APPROXIMATELY 2 MM
WHICH WAS NOT SPECIFICALLY PRESENT ON THE
FILMS OF 7/23/04.

ON THE OBLIQUE VIEWS POSTERIOR OSTEOPHYTES PARTIALLY ENCROACH ON THE INTERVERTEBRAL FORAMINA AT THE C5-6 LEVEL BILATERALLY.

02/22/05                 CURTIS COULAM, M.D.                              BGR



## X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC   NO. P20045   RM: A2-125   DOB: 6/25/58   DATE: 02/22/05

EXAM REQUESTED:                3 VIEW LUMBAR SPINE

REQUESTING M.D.:               J. LAZORE, F.N.P.

CLINICAL DATA:                 NO HISTORY GIVEN

RADIOGRAPHIC REPORT:           3 VIEW LUMBAR SPINE

FINDINGS:                      The lumbar vertebra are normally aligned and the disc spaces are well maintained. No compression fractures are evident. There are no arthritic changes.

**IMPRESSION:**                **NORMAL LUMBAR SPINE.**


EXAM REQUESTED:                LEFT HIP

REQUESTING M.D.:               J. LAZORE, F.N.P.

CLINICAL DATA:                 NO HISTORY GIVEN

RADIOGRAPHIC REPORT:           LEFT HIP

FINDINGS:                      4-5 tiny metallic fragments are noted in the soft tissues lateral to the hip joint. These all appear to be extra articular.

The femoral head is normally developed and normally located in the acetabulum. The joint space is well preserved. No significant arthritic changes are evident.

IMPRESSION:                    TINY METALLIC FOREIGN BODIES IN THE SOFT TISSUES LATERAL TO THE HIP. THE HIP, PER SE IS UNREMARKABLE.

02/22/05                       CURTIS COLLAM, M.D.                       BGR

NAME: BLOODSAW, THEOPRIC    NO. P20045  RM:  A2-125  DOB: 06/25/58  DATE: 03/14/05

EXAM REQUESTED:             SINUS SERIES

REQUESTING M.D.:           J. LAZORE, F.N.P.

CLINICAL DATA:             HISTORY OF MAXILLARY PAIN

RADIOGRAPHIC REPORT:       SINUS SERIES

FINDINGS:                  The paranasal sinuses are all normally developed and normally aerated. There is no evidence of acute or chronic sinus disease.

**IMPRESSION:**            **NORMAL SINUS SERIES.**

NAME  Bloodsaw                NUMBER  E40947          AGE  32    DATE    12/17/90

X-RAY REQUESTED      Left hip                         PHYSICIAN   A. C. Pedley, M.D.

REPORT:
     The left hip is negative for evidence of acute fracture or dislocation.
     There are several bullet fragments overlying the soft tissues lateral to
     the left hip joint space  and suggested slight increased narrowing of the
     left hip joint space medially.

RJB: ck
d:  12/18/90                              ROBERT J. BEMRICK, M.D.
t:  12/18/90                              RADIOLOGIST

                    S.C.C. X-RAY REPORT

NAME   Bloodsaw       NUMBER   E40947     AGE   32    DATE    12/17/90

X-RAY REQUESTED     Left hip            PHYSICIAN   A. C. Pedley, M.D.

REPORT:

The left hip is negative for evidence of acute fracture or dislocation.
There are several bullet fragments overlying the soft tissues lateral to
the left hip joint space  and suggested slight increased narrowing of the
left hip joint space medially.

RJB: ck
d: 12/18/90
t: 12/18/90

ROBERT J. BEMRICK, M.D.
RADIOLOGIST

S.C.C. X-RAY REPORT

NAME · Bloodsaw       NUMBER   E40947     AGE   31    DATE   2/16/90

X-RAY REQUESTED    Upper GI Series        PHYSICIAN        F. J. Foster, M.D.

REPORT:

The preliminary film of the abdomen shows no evidence of acute intra-abdominal
disease or other significant abnormality except for a developmental or possibly
old minor post-traumatic deformity involving the right transverse process of
the fourth lumbar vertebra.

The examination was performed without the aid of fluoroscopy.  There appears to
be increased prominence of the partially visualized distal antral and pyloric
folds and there is deformity of the duodenal bulb with inflammatory thickening
of the duodenal bulb and post-bulbar folds.  The visualized upper intestinal tract
is otherwise within normal limits and shows no evidence of peptic ulceration.

CONCLUSIONS:    Findings consistent with nonerosive antral gastritis and duodenitis.

             No evidence of peptic ulceration involving the upper intestinal
             tract.

Robert J. Bemrick, M.D.
Radiologist

'B: ck






*Williams Claire, M.D.*

## X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 01/16/08

EXAM REQUESTED:              THREE-VIEW LUMBAR SPINE

REQUESTING M.D.:             PCP

CLINICAL DATA:               HISTORY NOT GIVEN

RADIOGRAPHIC REPORT:         THREE-VIEW LUMBAR SPINE

FINDINGS:                    There is normal alignment on the AP and lateral radiographs with no
degenerative or posttraumatic change.

**IMPRESSION:**              **MINIMAL DEGENERATIVE CHANGE THORACIC SPINE
                             WITHOUT EVIDENCE OF THORACIC OR LUMBAR
                             INSTABILITY.**

COPY

JLP

02/06/08                    GREGORY J. DUNCAN M.D.               TRANSCRIBER
DATE READ                   ORTHOPEDIC SURGEON




*Williams Claire, MD*

02/20/2008 08

# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 01/22/08

EXAM REQUESTED:         FOUR-VIEW CERVICAL SPINE

REQUESTING M.D.:        PCP

CLINICAL DATA:          HISTORY NOT GIVEN

RADIOGRAPHIC REPORT:    FOUR-VIEW CERVICAL SPINE

FINDINGS:                        There is extensive multiple level degenerative change throughout the mid and lower cervical spine. No evidence of instability is seen at C1-2 on the open-mouth view or on the lateral radiograph. However, there is a grade 1 degenerative spondylolisthesis at C4-5. Extensive disk space narrowing, osteophyte formation, and sclerosis of vertebral end plates is present from C3 to C7.

IMPRESSION:             **MULTIPLE LEVEL DEGENERATIVE CHANGE, CERVICAL SPINE, SEVERE CHRONIC APPEARING WITH GRADE 1 SPONDYLOLISTHESIS C4-5.**

### ADDENDUM

Incidental note is also made of retained metallic material, which is not visible within the region of the spinal canal, but appears to be in the anterior chest wall region from previous gunshot wound and a few small fragments well anterior to the vertebral bodies at C4-5.

Comparison radiograph from 05/10/07, shows identical appearing degenerative change and same degree of spondylolisthesis at C4-5.

If cervical instability requires further evaluation, flexion/extension lateral radiographs should be considered.

Page 1



02/06/08                    GREGORY J. DUNCAN M.D.                         JLP
DATE READ                   ORTHOPEDIC SURGEON          TRANSCRIBER

orig.



*Williams Claires M.D.*

44 139 HPL.
35

# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 01/22/08

RADIOGRAPHIC REPORT:  THORACOLUMBAR

FINDINGS:  There is normal alignment on the lateral radiograph and essentially normal AP alignment throughout the thoracic spine. Mild multiple level disk space narrowing is present, and the previously described lead fragments are also visible anterior to the thoracic region on the lateral radiograph.

IMPRESSION:  **MINIMAL DEGENERATIVE CHANGE THORACIC SPINE WITHOUT EVIDENCE OF THORACIC OR LUMBAR INSTABILITY.**

Page 2

COPY

| | | | JLP |
| --- | --- | --- | --- |
| 02/06/08 | GREGORY J. DUNCAN M.D. | | |
| DATE READ | ORTHOPEDIC SURGEON | TRANSCRIBER | |

orig.

*Williams Claire, M.D.*

| NAME: Blood/sus | NUMBER: | HOUSING: | PBSP-LAB-001 |
|---|---|---|---|

PELICAN BAY STATE PRISON          HEALTH CARE SERVICES UNIT

NOTIFICATION TO PATIENT OF LABORATORY TEST RESULTS          TEST DATES:

TYPE OF TEST          BASIC BLOOD TESTS     HEPATITIS SCREEN     X-RAY     EKG
(circle test type)         OTHER:

YOUR TEST RESULTS WERE EVALUATED BY A PHYSICIAN AS FOLLOWS:

☐ Your test result is essentially within normal limits. No physician follow-up is required.

☐ Your test result remains unchanged and will be reviewed with you at your next Chronic Care Appointment.

☒ Your test results is not within normal limits. You will be scheduled to discuss the results with a physician.

☐ Your test results is not within normal limits. Further studies are required and have been scheduled for you. You

will receive further information on this study at a later date.

PHYSICIAN REMARKS

_____

_____

_____

_____

_____

_____

1.   HEALTH RECORD COPY                                    _____
                                                            Physician & Surgeon
2.   PATIENT COPY

3.   PHYSICIAN COPY                                         _____
                                                            Date & Time

CONFIDENTIAL

| NAME: | NUMBER | HOUSING | PBSP-LAB-001 |
|---|---|---|---|

*Williams-Claire, M.D.*

NAME: Bloodsaw   NUMBER: P36915   HOUSING:   PBSP-LAB-001

PELICAN BAY STATE PRISON   HEALTH CARE SERVICES UNIT

NOTIFICATION TO PATIENT OF LABORATORY TEST RESULTS   TEST DATE:

TYPE OF TEST
(circle test type):   BASIC BLOOD TESTS   HEPATITIS SCREEN   X-RAY   EKG
OTHER:

YOUR TEST RESULTS WERE EVALUATED BY A PHYSICIAN AS FOLLOWS:

☐ Your test result is essentially within normal limits. No physician follow-up is required.

☐ Your test result remains unchanged and will be reviewed with you at your next Chronic Care Appointment.

☒ Your test result is not within normal limits. You will be scheduled to discuss the results with a physician.

☐ Your test result is not within normal limits. Further studies are required and have been scheduled for you. You will receive further information on this study at a later date.

PHYSICIAN REMARKS

1. HEALTH RECORD COPY
2. PATIENT COPY   Physician & Surgeon
3. PHYSICIAN COPY   Date & Time

CONFIDENTIAL

NAME:   NUMBER:   HOUSING:   PBSP-LAB-001



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Keith Wattley

June 2, 2005

Theopric Bloodsaw, P-20045
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dear Mr. Bloodsaw,

I write regarding correspondence we received from you on May 13. I was glad to find out that you got your hearing aids and batteries. From the response to your appeal, log number 04-02445, it seems that they are working well for you and that you are able to hear better as a result. Is that correct?

However, you disagree with Dr. Tansi's medical determination that you are not mobility impaired. Unfortunately, since Dr. Tansi has made a medical determination that you do not have a mobility impairment, there is not much I can do to help you to get your disability verified. As we are not doctors ourselves, it is very difficult to contest CDC's medical determinations without outside medical expertise to counter it.

Likewise, we will not be able to help you remain on single-cell status under Armstrong or challenge your 115. Please refer to the information I sent you in my last letter that described how you can challenge a disciplinary violation.

I have made a copy of your 1824 for our files and three copies of your 1824 for you to keep. I am returning all your documents to you.

Please take care.

Sincerely,

Heather Isaacs
Legal Assistant
Under the supervision of Sara Norman
Enclosed: 3 copies of 1824, original documents

Board of Directors
Marshall Krause, President • Michele WalkinHawk, Vice President
Honorable John Burton • Penelope Cooper • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Keith Wattley

July 1, 2005

Theopric Bloodsaw, P-20045
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dear Mr. Bloodsaw,

I write regarding letters our office received from you on May 16 and June 14.

As I wrote in my last letter to you, we will not be able to advocate for you to get mobility impairment accommodations if medical staff have determined that you do not have a mobility impairment. I understand that you believe your medical records show that you do have this type of disability. However, we cannot challenge the medical determination of CDC physicians.

I hope you will continue getting your hearing aid batteries as you need. Please let us know if any problems arise getting your batteries.

Finally, I am sending copies of the documents you requested and am returning the originals to you. For your information, if you need copies for legal work that you are doing, the law library should make those copies for you. We will not be able to do this for you any more.

Best of luck.

Sincerely,

*Heather Isaacs*

Heather Isaacs
Legal Assistant
Under the supervision of Sara Norman
Enclosed: original documents, copies

Board of Directors
Marshal Krause, President • Michele WalkinHawk, Vice President
Honorable John Burton • Penelope Cooper • Felecia Gaston • Christine Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

RE: Bladshaw Theopric

C NO: P20045 HOUSING: B5-113

LICAN BAY STATE PRISON
) BOX 7500
ESCENT CITY, CA 95532

CLERK, U.S. DISTRICT
NORTHERN DISTRICT OF CALIFORNIA

proper

LEGAL MAIL

United States District Court
Northern District Of Calif.
ATTN: Clerk
450 Golden Gate Ave.
San Francisco, CA 94102

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City, CA 95532





UNITED STATES POSTAGE
$ 05.05⁰
AUG 04 2008
MAILED FROM ZIP CODE 95531
02 1M
0004217666



LTA 8-1-08