United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                                      NOT FOR CITATION

9                     IN THE UNITED STATES DISTRICT COURT

10                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12    THEOPRIC BLOODSAW,                    )
                                            )       No. C 08-3772 JF (PR)
13                      Plaintiff,          )
                                            )       ORDER TO SHOW CAUSE
14          vs.                             )
                                            )
15    L. SULLENGER, et al.,                 )
                                            )
16                      Defendant(s).       )
                                            )
17    _____

18

19          Plaintiff, a California inmate, has filed a pro se civil rights complaint

20    pursuant to 42 U.S.C. § 1983.  He has not paid the filing fee and has applied for

21    leave to proceed in forma pauperis.  This suit is subject to dismissal for the reasons

22    set forth below.

23          The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and

24    became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil

25    action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

26    prior occasions, while incarcerated or detained in any facility, brought an action or

27    appeal in a court of the United States that was dismissed on the grounds that it is

28    frivolous, malicious, or fails to state a claim upon which relief may be granted,

G:\PRO-SE\SJ.JF\CR.08\Bloodsaw3772_osc1915g.wpd

United States District Court

For the Northern District of California

1   unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.

2   § 1915(g). Section 1915(g) requires that this court consider prisoner actions

3   dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers,

4   128 F.3d 1310, 1311-12 (9th Cir. 1997).

5          For purposes of a dismissal that may be counted under § 1915(g), the phrase

6   "fails to state a claim on which relief may be granted" parallels the language of

7   Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the

8   word "frivolous" refers to a case that is "of little weight or importance: having no

9   basis in law or fact," and the word "malicious" refers to a case "failed with the

10  'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th

11  Cir. 2005) (citation omitted). Only cases within one of these three categories can be

12  counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under §

13  1915(g) should only occur when, "after careful evaluation of the order dismissing an

14  [earlier] action, and other relevant information, the district court determines that the

15  action was dismissed because it was frivolous, malicious or failed to state a claim."

16  Id.

17         Andrews requires that the prisoner be given notice of the potential

18  applicability of § 1915(g), by either the district court or the defendants, but also

19  requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does

20  not bar pauper status for him. Id. Andrews implicitly allows the court to sua sponte

21  raise the § 1915(g) problem, but requires the court to notify the prisoner of the

22  earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner

23  an opportunity to be heard on the matter before dismissing the action. See id. at

24  1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his

25  action as a pauper under § 1915(g), but he still may pursue his claims if he pays the

26  full filing fee at the outset of the action.

27         A review of the dismissal orders in Plaintiff's prior prisoner actions reveals

28  that Plaintiff has had at least three such cases dismissed on the grounds that they

United States District Court

For the Northern District of California

1  were frivolous, malicious, or failed to state a claim upon which relief may be

2  granted.  Plaintiff is now given notice that the court believes the following

3  dismissals may be counted as dismissals for purposes of § 1915(g): (1) Bloodsaw v.

4  Clarke, CV 04-03462 (C.D. Cal. May 20, 2004) (dismissal pursuant to Heck v.

5  Humphrey, 512 U.S. 477 (1994)); (2) Bloodsaw v. Thomas, CV 04-02944 (C.D.

6  Cal. May 6, 2004) (same); (3) Bloodsaw v. Herm, CV 04-02320 (C.D. Cal. Apr. 19,

7  2004) (same); (4) Bloodsaw v. Yarborough, CV 04-01110 (E) (C.D. Cal. Mar. 16,

8  2004) (same); (5) Bloodsaw v. Matusinka, CV 04-01108 (C.D. Cal. March 16, 2004)

9  (dismissal based upon immunity of defendants and pursuant to Heck v. Humphrey,

10  512 U.S. 477 (1994)); and (6) Bloodsaw v Parker, CV 04-01100 (E) (C.D. Cal Mar.

11  16, 2004) (same).  Plaintiff therefore may proceed in forma pauperis only if he is

12  seeking relief from a danger of serious physical injury which is "imminent" at the

13  time of filing.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en

14  banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v.

15  Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885

16  (5th Cir. 1998).  Plaintiff is not.

17  In light of these dismissals, and because Plaintiff was not under imminent

18  danger of serious physical injury at the time he filed the instant complaint, the court

19  now orders Plaintiff to SHOW CAUSE why this action should not be dismissed

20  pursuant to 28 U.S.C. § 1915(g).  Plaintiff's response to this order to show cause is

21  due no later than **thirty (30) days** from the date this order is filed.  The response

22  must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE."

23  Although the court has listed six dismissals, only three prior dismissals need

24  to qualify under § 1915(g).  In the alternative to showing cause why this action

25  should not be dismissed, Plaintiff may avoid dismissal by paying the full filing fee

26  by the deadline.

27  **FAILURE TO FILE A RESPONSE TO THIS ORDER AS DESCRIBED**

28  **ABOVE OR TO PAY THE FULL FILING FEE WITHIN THIRTY (30) DAYS**

G:\PRO-SE\SJ.JF\CR.08\Bloodsaw3772_osc1915g.wpd

**<u>OF THE DATE THIS ORDER IS FILED WILL RESULT IN THE</u>**

**<u>DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO</u>**

**<u>PLAINTIFF</u>.**

IT IS SO ORDERED.

DATED:  8/21/08

JEREMY FOGEL
United States District Judge

United States District Court
For the Northern District of California

G:\PRO-SE\SJ.JF\CR.08\Bloodsaw3772_osc1915g.wpd